BURDETT v. McALLISTER.

HARPER v. SAME.

1. SUPPLEMENTARY PROCEEDINGS.—On proper showing that an execution has been returned unsatisfied, and that the debtor has property which he unjustly refuses to apply to the debt, it is the statutory right of the judgment

creditor to obtain an order from the Circuit Judge appointing a receiver to recover such property, however slight its value may be.

2. Exceptions not considered which related to matters not passed upon on Circuit.

3. Supplementary Proceedings.—The Circuit Judge was not in error in failing to direct the judgment debtor in supplementary proceedings to apply money in his hands to the judgment, where, on his examination, he was not pressed to declare what had become of the money which he had recently received.

4. Costs in Supplementary Proceedings are statutory, and a direction as to their payment falls with a reversal of the order on the merits.

Before Wallace, J., Abbeville, October, 1893.

These were supplementary proceedings in the cases of George F. Burdett against Jesse A. McAllister, and Harper & Latimer against the same defendant.

*Messrs. Graydon & Graydon,* for appellant.

*Mr. Frank B. Gary,* contra.

September 26, 1894. The opinion of the court was delivered by

Mr. Justice Pope. The plaintiff in each of the two above stated actions, after execution issued in each had been returned altogether unsatisfied by the sheriff, applied to his honor, Judge Norton, for an order in each action requiring the defendant to appear before W. A. Lee, Esq., as special referee, to answer concerning his property. These orders were passed by Judge Norton. The defendant and other witnesses appeared before such special referee and gave their testimony. The special referee made his report of such testimony, which came on to be heard before Judge Wallace at the fall term of the Court of Common Pleas for Abbeville County, and on the 21st October, 1893, the Circuit Judge filed the following order: "The above proceedings came before me at my chambers at Abbeville Court House, S. C., on testimony taken before W. A. Lee, Esq., and the same being certified to me; and after notice to the defendant that the plaintiffs would ask for an order directing the said Jesse A. McAllister to pay the amount of the judgments above named, and appointing a receiver of the property of the said Jesse A.

23—42

McAllister; it appearing that the plaintiffs have an adequate remedy at law, on motion of Frank B. Gary, defendant's attorney, it is ordered, that the plaintiffs' motion be and the same is hereby refused. It is further ordered, that plaintiffs pay the costs of this proceeding, said costs to be taxed by the clerk of this court."

From this order the plaintiffs respectively have appealed upon the following grounds: 1. Because it was error to hold that the plaintiffs had an adequate remedy at law, when it appeared from the proceedings and evidence before the judge that the plaintiffs' executions had been returned *nulla bona* by the sheriff, and that the defendant had transferred his property and refused to turn over the proceeds to his creditors. 2. Because of error in not holding that the plaintiffs had the right to treat the transfer as valid, and compel the defendant to account for the proceeds of sale. 3. Because the evidence clearly showed that the defendant had made the transfer of his land to defraud his creditors, and it was error not to appoint a receiver of his property, and allow the receiver to take such steps as might be necessary to subject the property of the defendant to the payment of his debts. 4. Because the evidence showed that the defendant had in his possession property, to wit: the note and mortgage, which was applicable to the payment of his debts, and it was error not to order the defendant to turn over said property to his creditors for that purpose. 5. Because the defendant himself swore that he had been paid several hundred dollars in cash a short time before the proceedings were instituted and refused to say what he had done with the money, and it was error in the judge not to order him to pay the judgments of the plaintiffs. 6. Because it was error in the judge to order the costs to be paid by the plaintiffs, and to order them taxed by the clerk of court, without stating to whom they were to be paid, or fixing the amount and character of said costs. 7. Because the plaintiffs were asserting a purely legal remedy, and it was error in the judge to dismiss the proceedings on the ground that the plaintiffs were attempting to assert an equity.

We will first consider the first, fourth, and seventh grounds

of appeal, for they raise the question whether the Circuit Judge did not err in holding that the plaintiff, in each of the causes before us, had an adequate remedy at law, and, therefore, dismiss these proceedings. Whenever any one contracts a debt, instantly thereupon there is created by law a duty on the part of the debtor to pay such debt, and a right on the part of the creditor to demand payment of such debt. Furthermore, there is thereby created a duty on the part of such debtor to apply himself, and have applied under the law, any property he may own to the payment of such debt, subject, of course, to such exemptions as exist in law at the time the debt is created. Hence, when the debt is unpaid, the creditor may sue his debtor, and, after judgment, is entitled to an execution against the property of the debtor for the satisfaction of such execution. When such execution is returned unsatisfied by the sheriff, the law very wisely says to the creditor: having failed to obtain your money justly adjudged to be due you by our courts, under process of execution, now if you can show that your debtor has property that cannot be reached by the sheriff for the payment of your judgment, you shall be entitled under proceedings supplementary to execution to reach such property of your debtor.

These proceedings are statutory, and are contained in sections 312 to 322, inclusive, of our Code of Civil Procedure. The first thing to be done by the judgment creditor, as set out in section 312, is by affidavit to prove to the satisfaction of the court, or a judge thereof, that the judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment. When this is done, the Circuit Judge is required to issue an order commanding the judgment debtor to appear at a specified time and place to answer concerning the same. In these two causes all this was done. When the defendant, the judgment debtor, gave his testimony, he admitted that he had in his possession as his property an unsatisfied note, and mortgage of land securing the note, for the sum of $650, and that these papers were executed early in February, 1893, his examination taking place after June 28th, 1893, and before October, 1893. It is true, the debtor claimed that all but $25 had been paid to

him on this note and mortgage, but he *refused* to tell what he had done with this money. His words on this point were: "I spent the balance of the $325 in various ways, and *decline* to say how I spent it." When McAllister admitted that he had this unsatisfied note and mortgage in his possession, it seems to us that thereupon plaintiffs' right to have the court appoint a receiver to collect this *money*, whether $25 or more was due, became fixed. The very object of these proceedings supplementary to the execution is to enable the plaintiff, judgment creditor, to have the property of his debtor, applicable to the execution, taken possession of. It is a legal remedy. It is not an equity, so far as the judgment debtor is concerned. Such an order as was requested of the Circuit Judge in no wise prejudiced the rights of the person who gave the note and mortgage. All the receiver could do under his appointment would be to recover what was rightfully due McAllister—no more, no less. The order made by the Circuit Judge was erroneous.

As to the second ground of appeal, we do not feel that the Circuit Judge necessarily found that the plaintiff, in each of these causes, could not elect to treat the sale of the land by McAllister as valid. He certainly did not so hold in words to that effect. We are confined to errors of law. And as to the third ground of appeal, which relates to an alleged failure of the Circuit Judge to appoint a receiver, when appellant alleges that the testimony clearly establishes fraud upon the part of McAllister in the transfer or sale of his land. We do not see that the Circuit Judge by his order passed upon this question. Hence we will not discuss it—especially as it is likely to arise in another cause hereafter.

As to the fifth ground of appeal, that in effect alleges error in the Circuit Judge because he failed to order the judgment debtor, McAllister, to pay off these judgments from money in his hands. We think on this point that appellants are somewhat to blame, because they failed to avail themselves of their clear right to force the defendant McAllister to disclose his knowledge of the money that he claimed his niece, Mrs. Shroeder, had paid him so recently on his note and mortgage. When the judgment debtor is brought up under

proceedings like these, he is in duty bound to tell the whole truth as to his property; otherwise this process of the law is a mockery. Of course, if an unfortunate debtor shows he is utterly unable to do this, all well and good; but when he assumes to say to a court of justice, "I decline to state what I know," the point is reached when no hesitation as to duty is allowable! So, therefore, there being no testimony showing that McAllister had money in his possession, the Circuit Judge very properly declined to issue his order for him to pay money.

As to the sixth ground of appeal, as to costs, we do not deem it necessary to speak. This matter of costs is statutory, and as the whole order of Judge Wallace is reversed, except where he refused to order defendant to pay from money in his hands the two judgments in question, his provision for payment of costs and their taxation will be set aside necessarily.

It is the judgment of this court, that the order appealed from in each of the two cases, here heard together for convenience and by consent, be reversed, except as to so much of Judge Wallace's order refusing to require Jesse A. McAllister to pay each of the two judgments in question here from money in the hands of the said McAllister, but this reservation not to affect the rights of appellants, respectively, to require him fully to disclose his knowledge as to the whereabouts or application of any moneys in his hands at the date of his examination before W. A. Lee, Esq., as special referee, if appellants should so elect; and it is further ordered, that these two causes be remanded to the Circuit Court for such further proceedings as may be necessary.