16395

## FAGAN v. TIMMONS
(60 S. E. (2d) 863)

*Mr. F. Ehrlich Thomson,* of Columbia, *for Appellant,*

*Messrs. John S. Nicholson* and *Nelson, Mullins & Grier,* of Columbia, *for Respondent,* 

August 8, 1950.

STUKES, Justice.

This is a proceeding under Title 12, Chapter 44, Code of 1942, sec. 746 *et seq.,* supplementary to an unsatisfied execution upon judgment for $750.00 damages recovered for wilful tort. *Fagan v. Timmons,* 215 S. C. 116, 54 S. E. (2d) 536, certiorari denied, *Timmons v. Fagan,* 338 U. S. 904, 70 S. Ct. 306, rehearing refused, 70 S. Ct. 1018.

After return of execution *nulla bona* by the sheriff plaintiff filed his petition alleging that fact, defendant's refusal to pay despite her ownership of, quoting, "various and sundry properties in and about the city of Columbia," etc. To rule to show cause defendant made return admitting the unpaid judgment and resisted the appointment of a receiver of her property, which is authorized in supplementary proceedings by Code, sec. 751, upon the grounds that the United States had filed in 1946 income tax liens against her property in the respective amounts of $42,042.71 and $2,469.24, which she was contesting in the federal tax court; and that her real estate is subject to mortgages aggregating $105,000-.00. Defendant's opposition to the appointment of a receiver, on circuit and here, is twofold, first that the United States is a necessary party and its absence deprives the court of jurisdiction; and second, such action is unjust and inequitable under the circumstances.

Arguments were heard upon the petition for receiver and the verified return. Order dated Feb. 25, 1950 was thereafter entered. With respect to the tax liens of the United States the court found that perforce Title 26 U. S. C. A. § 3670, the federal government has liens against "all property and rights to property, whether real or personal, belonging" to the taxpayer, which is a superior lien, on which

account the court declined to appoint a general receiver with power to sell, etc. However, a receiver was appointed to take possession of the defendant's property, collect the rents, issues and profits and hold the same subject to the liens of the federal government and subject to the further orders of the court, except that expenses of upkeep and maintenance of the property should be paid. A prominent Columbia realtor was named receiver and it was required that he give bond in the amount of $10,000.00 for the faithful performance of his duties. Other provisions of the order need not be noticed because they are irrelevant here.

The defendant appealed upon exceptions which raise the questions which have been argued and of which mention has already been made. Referring to the first, appellant relies mainly upon our decision of *Crews v. Beattie,* 197 S. C. 32, 14 S. E. (2d) 351, for her position that the receivership is improper because of the lien interest of the United States which is not a party and which has not consented to be sued in this action. But that case is beside the point. In it a taxpayer was attempting to divert funds to the State treasury which were payable to the United States under a specific pledge made pursuant to statute. Here the effort is not to take funds or property from the federal government but merely to impound the rents and profits from appellant's property, without impairment of the government's liens, by which it may well be benefited. Assuredly, it will not be injured. The exhaustive opinion in the *Crews case* sufficiently reviews other decisions, which are cited by appellant here, to show their inapplicability to this case.

The Federal Internal Revenue Code, Sec. 274, 26 U. S. C. A. § 274, clearly contemplates receivership proceedings in state courts of the property of income taxpayers against whom additional tax assessments have been made, and provides the procedure in such cases. Thus the federal statute expressly countenances what appellant contends is improper practice because of the existence of the liens upon appellant's

properties for unpaid federal income taxes. It is settled that all creditors need not be original parties to proceedings for the appointment of a receiver. *Holliday v. Hemingway,* 137 S. C. 124, 134 S. E. 530.

It cannot be gainsaid that, as appellant argues, receivership is a drastic remedy. However, this is not an ordinary receivership pursuant to section 584 of the Code of 1942 which governs in the usual case; this proceedings is under section 751, supplementary to unpaid execution on a money judgment. The distinction was pointed out in *Deer Island Lumber Co. v. V-C Chemical Co.,* 111 S. C. 299, 97 S. E. 833. Appellant's brief, in part, overlooks the difference.

Appellant's second ground of appeal which is to the effect that the appointment of the receiver is inequitable requires no discussion. The long record of the litigation and the other facts before us indicate that this is certainly a case which the cited code sections were intended to encompass. Nothing appears to excite sympathy or invoke any aid of equity in behalf of appellant. It is in her hands to prevent the dire results which she foresees in argument by payment of the small judgment from her rental income which, it was admitted in this court, she is now receiving.

The exceptions are overruled and the order of the circuit court is affirmed. The supersedeas heretofore granted is at an end.

