16797

FAGAN v. TIMMONS

(78 S. E. (2d) 628)

*Miss A. M. Timmons* of Columbia, *Representing Self, Appellant,*

*Messrs. John S. Nicholson* and *Nelson, Mullins & Grier,* of Columbia, *for Respondent.*

November 10, 1953.

TAYLOR, Justice.

This appeal arises out of an Order of the Honorable J. Woodrow Lewis, presiding Judge of the Fifth Judicial Circuit, wherein appellant was adjudged guilty of contempt for failing to comply with an Order previously issued by the Honorable G. Duncan Bellinger, resident Judge of that Circuit.

The citation arose out of the case of *Fagan v. Timmons* which has had a somewhat extended career in the Courts. See *Fagan v. Timmons,* 215 S. C. 116, 54 S. E. (2d) 536, certiorari denied, *Timmons v. Fagan,* 338 U. S. 904, 70 S. Ct. 306, 94 L. Ed. 556, rehearing refused, 339 U. S. 992, 70 S. Ct. 1018, 94 L. Ed. 1392; *Fagan v. Timmons,* 217 S. C. 432, 60 S. E. (2d) 863.

Appellant in her brief asks for a reversal on the grounds: First, that appellant was not guilty of contempt of court under the facts and circumstances; second, that the failure of the receiver to promptly qualify and diligently enter upon the duties deprived him of the powers and duties of that office.

It is the general rule on appeal from a judgment of contempt that the appeals Court will not disturb the findings of the trial Court where such matters are within its jurisdiction unless there has been an abuse of discretion. 2 Am. Jur. 920. However, such power should be used sparingly and with caution, having at all time due regard for one's constitutional rights; it should be exercised only when necessary to prevent actual or direct obstruction or interference with the administration of justice. Within these limitations, however, the matter of determining and dealing with contempts is within the Court's sound discretion, subject to the absolute provisions of the law and its determina-

tion is final unless there is a plain abuse of discretion. See 17 C. J. S., Contempt, § 57.

On March 22, 1948, respondent obtained a judgment against appellant in the sum of $750.00. Execution was issued and a nulla bona return made thereon. A rule to show cause was issued by the Honorable G. Duncan Bellinger on January 21, 1950, requiring appellant to show cause, if any she could, why a receiver should not be appointed and why she should not be required to submit to an examination in supplementary proceedings. As a result of which Mr. Jesse T. Reese of Columbia was appointed receiver of the rents, issues, and profits accruing on and from the properties of appellant for the purpose of impounding such and requiring her to make available to the receiver her books and records pertaining to the rental accounts and a complete list of her properties and tenants thereof and to fully cooperate with the receiver in the performance of his duties. An appeal was taken from this Order to this Court which resulted in an affirmance. *Fagan v. Timmons,* 217 S. C. 432, 60 S. E. (2d) 863.

Appellant was thereafter required to appear before the Master in Equity for Richland County in supplementary proceedings and produce such books and records as were necessary to give full information relative to her properties, rentals, etc. After taking testimony, the Master recommended, among other things, that unless appellant turn over to the receiver the keys to her rental apartments together with the records thereof and the receiver be permitted to collect the rents, issues and profits in the manner set forth in the Order within five days, she be held in contempt. Appellant failed so to do and Judge Lewis, who was then presiding in the Fifth Circuit and from whose Order this appeal comes, after hearing the rule and return, found: "From the facts developed before me it appears that defendant has consistently failed and refused to obey the Order of Judge Bellinger insofar as it required that she make available to the

Receiver her books and records and that she cooperate with him in the performance of his duties." And he then ordered that appellant be adjudged in contempt of court. He further ordered that she be given five days from the date of his Order in which to purge herself of such contempt by turning over to the receiver all of her books and records pertaining to her rental accounts with a complete list of her properties and her tenants thereof beginning October 25, 1950, and surrendering to the receiver the keys to and the possession and control of such properties located in Richland County; that failing so to do, the sheriff of Richland County should upon the expiration of the five day period deliver appellant to him or in the event that he was no·longer in the Circuit, appellant was to be delivered to the resident Judge of such Circuit to be dealt with according to law.

The record is susceptible of no other conclusion but that appellant, although the beneficiary of much indulgence by the Court, has consistently and steadfastly refused to comply with the Order of the Court and it therefore cannot be said that the Circuit Court in anywise abused its discretion in the matter.

Appellant next contends that the receiver by his failure to promptly qualify and enter upon his duties as such was deprived of the power of such office.

The Order by Judge Bellinger appointing the receiver was appealed to this Court by appellant, *Fagan v. Timmons,* 217 S. C. 432, 60 S. E. (2d) 863, and pending the appeal and final disposition of the matter the receiver did not qualify but did so after the affirmance of ·the Order by the Court and the point is not well taken. There is no question but what the Court had jurisdiction in this matter and having jurisdiction, its Order must be obeyed until vacated or modified by competent authority even though erroneous. *State v. Highsmith,* 105 S. C. 505, 90 S. E. 154; see, also, *Harmon v. Wagener,* 33 S. C. 487, 12 S. E. 98.

290

All exceptions are dismissed and the Order appealed from affirmed.

BAKER, C. J., and STUKES and OXNER, JJ., concur.