0160

AG-CHEM EQUIPMENT COMPANY, INC., Respondent, v. Bobby DAGGERHART and Donnie Rish, Defendants, of which Bobby Daggerhart is Appellant. Appeal of Bobby DAGGERHART.

(315 S. E. (2d) 379)

Court of Appeals

*Jonathan R. Hendrix,* of *Walker & Hendrix,* Lexington, *for appellant.*

*John Earl Duncan,* of *Rogers, Duncan, Fullwood & Perrin,* Lexington, *for respondent.*

April 23, 1984.

CURETON, Judge:

The question in this case is whether in post-judgment supplementary proceedings pursuant to Section 15-39-430 et seq., Code of Laws of South Carolina, 1976, the trial court properly appointed a receiver for the property of the appellant, Bobby Daggerhart. We affirm.

On March 2, 1979, respondent, Ag-Chem Equipment Company, Incorporated (Ag-Chem), obtained a judgment against Daggerhart and one Donnie Rish in the amount $9,502.90.[1] On May 28, 1980, a circuit court judge issued a rule to show cause requiring Daggerhart to appear before a special referee in supplementary proceedings.

The special referee held a hearing wherein Daggerhart was examined about his assets. Thereafter, the special referee issued his report in which he found that Daggerhart owned real estate with equity of $27,250, after deduction of all mortgage lien indebtednesses. He also found that Daggerhart owned an interest in partnership property but did not value the partnership interest. The referee further found that the total judgment liens against the property of Daggerhart (including Ag-Chem's judgment) totaled only $13,847.96. He then concluded that Daggerhart was the owner of sufficient assets free and clear of all liens to satisfy Ag-Chem's and other prior judgments. The referee recommended that a receiver be appointed.

Daggerhart objected to the special referee's report and asserted by way of exceptions that the special referee erred in (1) finding that he was the owner of sufficient assets to satisfy Ag-Chem's judgment and (2) finding that a receiver should be appointed to take charge of his assets.

After a hearing on the exceptions, the circuit judge found that the exceptions were "general in tone" and had no merit to them. He then dismissed the exceptions and appointed a receiver for Daggerhart's property.

Daggerhart has appealed the circuit court's order upon the following exceptions:

1. Did not the Circuit Court err in overruling Appellant's Exceptions to Special Referee's Report one (1) and two (2), the error being that there was insufficient evidence in the record of this case to uphold the Special Referee's recommendation?

2. Did not the lower court err in overruling the Appellant's Exceptions one (1) and two (2) to the Special

---

[1] Donnie Rish was not examined in supplementary proceedings and is thus not involved in this appeal.

Referee's report, the error being that the recommendations of the Special Referee were contrary to the law of the State of South Carolina?

The exceptions fail to state any concise proposition of law or fact to be reviewed by this Court as is required by Supreme Court Rule 4, Section 6. Exception Number One would require this Court to review all the testimony and evidence presented to the special referee. Our Supreme Court has said that such an exception is defective and need not be considered. *Graham v. Kerns,* 278 S. C. 197, 294 S. E. (2d) 38 (1982); *Williams v. Regula,* 266 S. C. 228, 222 S. E. (2d) 7 (1976); *Solley v. Weaver,* 247 S. C. 129, 146 S. E. (2d) 164 (1966). Exception Number Two violates Supreme Court Rule 4, Section 6, because it contains no assignment of error, and does not state to what proposition of law the special referee's report is contrary.

Nevertheless, because an issue of jurisdiction was tangentialy raised, we have considered the reasons advanced by Daggerhart (during oral argument before this court and in his brief) for reversing the trial court's order and find his reasons unconvincing.

Daggerhart first argues that the evidence does not support the trial court's finding that a receiver should be appointed. We disagree. Supplementary proceedings are equitable in *nature. Ex Parte Roddey,* 171 S. C. 489, 172 S. E. 866 (1934); *The Firestone Tire & Rubber Co. v. Marlboro Cotton Mills,* 278 F. 816 (1922), *modified,* 282 F. 811, *cert. denied,* 260 U.S. 749, 43 S. Ct. 248, 67 L. Ed. 494 (1923). The appointment of a receiver in supplementary proceedings, unlike a pre-judgment receivership, is not a drastic remedy, *Fagan v. Timmons,* 217 S. C. 432, 60 S. E. (2d) 863 (1950), and is commonly made almost as a matter of course where it appears that the judgment debtor has property which ought to be applied to the satisfaction of the judgment. *Burdett v. McAllister,* 42 S. C. 352, 20 S. E. 86 (1894); 30 Am. Jur. (2d) *Executions* Section 851 (1967). We do not think that the trial judge abused his discretion by appointing a receiver under the facts of this case. Indeed, Daggerhart has not pointed out to us how the trial judge abused his discretion or any inequity whatsoever that would be occasioned by allowing the receivership to stand. *Fagan v. Timmons, supra.*

Daggerhart further contended in his brief and upon
oral argument that by Exception Two he challenges the
jurisdiction of the circuit court to enter an order of
reference since the record does not affirmatively show that at
that time the execution had been returned unsatisfied. He
therefore argues that the special referee was without juris-
diction to take his testimony regarding his property or to
make a report to the circuit court. We disagree.

Section 15-39-310, which provides for examination of the
debtor, imposes no requirements that the record of either the
circuit judge or the special referee reflect that execution was
returned unsatisfied.[2] It provides in relevant part:

> When an execution against property of the judgment
> debtor ... is returned unsatisfied ... the judgment cred-
> itor at any time after such return is made is entitled to an
> order from the judge of the circuit court requiring such
> judgment debtor to appear and answer concerning his
> property.... And such proceedings may thereupon be
> had for the application of the property of the judgment
> debtor towards the satisfaction of the judgment....

Ordinarily, upon the return of an execution unsatisfied, a
motion filed by the judgment creditor in the court rendering
the judgment is sufficient to invoke the jurisdiction of that
court to entertain supplementary proceedings. 30 Am. Jur.
(2d) *Executions* Section 810 (1967). Moreover, Daggerhart
conceded that an unsatisfied execution was in existence at the
time the circuit court ordered the reference. Even the record
on appeal reflects that the Supreme Court granted Ag-Chem's
motion to supplement the record with the unsatisfied execu-
tion which shows on its face that it was filed in the judgment
roll prior to the initiation of supplementary proceedings.

We further note that Daggerhart took no exception to
the order of reference nor did he raise the issue of
jurisdiction during the proceeding before the special
referee. We find that he has therefore waived any alleged
irregularities.

---

[2] We think the better practice is for judges, masters and referees to satisfy
themselves that an unsatisfied execution exists before examining a judgment
debtor. This may be accomplished by resort to the judgment roll. *Phillips v.
Bruton,* 128 S. C. 369, 122 S. E. 514 (1924).

For the reasons stated, the order of the trial court is
Affirmed.

GARDNER and GOOLSBY, JJ., concur.