**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1559**

TERRY W. OSBORN,

Plaintiff - Appellant,

versus

PHARMACEUTICAL EDUCATION AND DEVELOPMENT
FOUNDATION OF THE MEDICAL UNIVERSITY OF SOUTH
CAROLINA,

Defendant - Appellee,

and

UNIVERSITY MEDICAL ASSOCIATES OF THE MEDICAL
UNIVERSITY OF SOUTH CAROLINA; MEDICAL
UNIVERSITY OF SOUTH CAROLINA; HEALTH SCIENCES
FOUNDATION OF THE MEDICAL UNIVERSITY OF SOUTH
CAROLINA; JAMES B. EDWARDS; THOMAS P.
ANDERSON,

Defendants.

Appeal from the United States District Court for the District of
South Carolina at Charleston.  David C. Norton, District Judge.
(CA-01-4002-1-18)

Submitted:  January 19, 2006          Decided:  April 6, 2006

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carl F. Muller, Troy A. Tessier, Hannah Rogers Metcalfe, WYCHE, BURGESS, FREEMAN & PARHAM, P.A., Greenville, South Carolina, for Appellant. Thomas S. White, HAYNSWORTH SINKLER BOYD, P.A., Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On February 2, 2004, the district court entered judgment in this diversity case in the amount of $131,100 plus interest and costs in favor of Terry Osborn and against his former employer, Pharmaceutical Education and Development Foundation (PEDF), an affiliate of the Medical University of South Carolina (MUSC). The jury had concluded that PEDF breached its employment contract with Osborn and had violated the South Carolina Wage Payment Act. Neither party appealed.

After the district court assessed costs of $2,227.46, it issued a writ of execution against the property of PEDF on October 5, 2004, in the amount of $133,327.46. Osborn delivered the writ to the United States Marshal in South Carolina, giving special instructions that the Marshal only serve the writ and designating James Wynn, PEDF's registered agent, as the person to be served. The Marshal, unable to locate Wynn, inquired with MUSC employees and learned that Wynn was no longer employed. After several inquiries, the Marshal ultimately left the writ with Joseph Good, Jr., general counsel for MUSC, and filed a return reporting this fact.

When the judgment remained unsatisfied two and one-half months after the Marshal served the writ on Good, Osborn filed a motion to institute supplementary proceedings to enforce his judgment. Specifically, Osborn wanted to examine PEDF to learn of

- 3 -

its ability to pay the judgment. The district court denied the motion by order dated April 11, 2005, finding "from a review of the record that there are no grounds to support this motion." From this order, Osborn appealed.

Federal Rule of Civil Procedure 69(a) provides that federal courts apply the practice and procedure of the states in which they sit to conduct "proceedings supplementary to and in aid of judgment[] and in proceedings on and in aid of execution." In South Carolina, the institution of supplementary proceedings is governed by § 15-39-310 of the South Carolina Code, which provides that "[w]hen an execution against property of the judgment debtor . . . is returned unsatisfied in whole or in part the judgment creditor at any time after such return is made is entitled to an order from a judge . . . requiring such judgment debtor to appear and answer concerning his property . . . ." The South Carolina Court of Appeals has commented that trial courts have discretion to determine whether a writ has been returned unsatisfied. See Ag-Chem Equip. Co. v. Daggerheart, 315 S.E.2d 379, 384 n.2 (S.C. App. 1984) ("We think the better practice is for judges . . . to satisfy themselves that an unsatisfied execution exists before examining a judgment debtor").

In this case, there is virtually no evidence that Osborn has pursued execution as authorized by South Carolina law. While the writ of execution directed the Marshal to execute on PEDF's

- 4 -

property, Osborn instructed the marshal only to <u>serve</u> it. Moreover, service was not effected on PEDF or any of its agents. The Marshal served Joseph Good, Jr., the general counsel for MUSC. But MUSC is only an affiliate of PEDF, and Osborn has not demonstrated that Good, as general counsel for MUSC, is also an agent of PEDF. It thus appears that Osborn cannot claim that the writ of execution was "returned unsatisfied," as required to entitle him to supplementary proceedings. <u>See</u> S.C. Code, § 15-39-310.

In these circumstances, we cannot conclude that the district court abused its discretion in denying Osborn's motion.

<u>AFFIRMED</u>