THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Barry D. Mallek
 and Alice R. Mallek, Respondents,
 v.
 Delbert R.
 Tangeman, Appellant.
 
 
 

Appeal From Spartanburg County
 Gordon G. Cooper, Master-In-Equity

Unpublished Opinion No. 2008-UP-317
Submitted June 2, 2008  Filed June 25,
2008    

REVERSED AND REMANDED

 
 
 
 Delbert R. Tangeman, of Duncan, for Appellant.
 Donald C. Coggins, Jr., Max Thomas Hyde, and Jack W. Lawrence, all
 of Spartanburg, for Respondents.
 
 
 

PER CURIAM: Subsequent
 to a supplemental proceeding, Delbert Tangeman (Tangeman) appeals the master-in-equitys
 order setting aside the transfer of real property from Tangeman to his wife as
 a fraudulent transfer.  We reverse and remand.[1] 
FACTS
Barry and Alice Mallek (the Malleks) received
 a general verdict against Tangeman following a jury trial in June 2002, which
 was affirmed by this court on January 14, 2005.  The Malleks sought to execute
 on the judgment against Tangeman; however, the execution was returned nulla
 bona on or about June 13, 2005.  
Thereafter,
 the Malleks sought an order of reference and rule to show cause for supplemental
 proceedings.  A supplemental proceeding was held before the master-in-equity on
 August 1, 2005.  During the hearing, Tangeman indicated that his business
 assets, as well as numerous pieces of real estate, had been transferred to his
 wife.  Tangeman did not have the documents regarding the transfers at the time
 of the hearing; thus, the hearing was adjourned and Tangeman was ordered to produce
 the relevant documents at a later date.  
The
 hearing was reconvened on January 17, 2006.  At the hearing, Tangeman returned
 to the stand and answered questions regarding the documents.  The documents
 included mortgage notes dated August 1, 1998, in the amounts of $20,000,
 $30,000, and $150,000.[2] 
 The mortgages securing these notes, although dated August 1, 1998, were
 notarized and recorded on April 26, 2000.  This date correlates to a document
 presented by Tangeman wherein he had transferred all of his assets, including
 all of his real estate, household furniture, construction business vehicles,
 equipment, and tools to his wife on April 25, 2000.  Tangeman testified that
 valid consideration for the transfers was given by his wife who, in addition to
 her personal service as secretary without compensation, had invested sums of
 money from her inheritance and otherwise into his business over the years.  He
 also stated that a written agreement reflecting any obligation for repayment
 from either himself or from his business was not executed.  
At the
 close of the hearing, the Malleks asked the master-in-equity to set aside the
 transfers as fraudulent conveyances under the Statute of Elizabeth.  At this
 time, Tangeman requested an opportunity to enter into evidence documents which he
 alleged would prove the transfers were not fraudulent.  The master-in-equity
 refused and the following colloquy ensued:

 TANGEMAN:  Your Honor?
 THE COURT:  Yes, sir.
 TANGEMAN:  Dont I get an opportunity to - - -
 THE COURT:  Your opportunity was a long time ago.  You are here at the direction and the request to appear by [c]ounsel in an
 attempt to locate funds to pay his clients judgment.  The issues relating to
 any other matters were tried in a case  - - -
 TANGEMAN:  They were - - -
 THE COURT:  In 2001 and those are not here.  Today, the only reason
 I am here, or the only reason we are here and I am hearing this, is to assist Mr. Coggins in having
 his client recover the money that was found to be due from you to
 the Malleks.
 TANGEMAN: 
 Your Honor, there are two very important documents that Mr. Coggins is not present
 here today.
 THE
 COURT:  Well, again - - - Excuse me, sir.
 TANGEMAN: 
 And they have been presented in the past.
 THE COURT:  Excuse me.  Mr. Coggins is handling his case for his
 client.  Now whether in his presentation he decided not to include documents,
 that is solely up to him.  But you are not handling his case and the sole
 purpose you are here today is to try to find funds to pay his clients
 judgment.
 TANGEMAN: 
 There are two - - -
 THE
 COURT:  I understand.
 TANGEMAN: 
 There are two - - -
 THE
 COURT:  You didnt - - - You didnt hear me.
 TANGEMAN: 
 Yes, I did.
 THE COURT:  Alright.  And so that is the - - - That is the end of
 the conversation.
 TANGEMAN: 
 So I cannot make a motion?
 THE COURT:  No, you cannot.  If you want to have an attorney file
 some type of motion on your behalf, then you are welcome to do that.  Once the [o]rder
 has been signed, then if there is grounds for filing a motion or any type of
 responsive pleading, then the attorney would have to review the [o]rder that I
 have signed and at that point the [o]rder is subject to whatever attack that
 can be done.  But until then - - -
 TANGEMAN:  There have been two - - - May I share the two documents
 that are in evidence and that are not - - -
 THE COURT:  They are not.  The only evidence are here and I have
 reviewed these documents as they were handed up.
 TANGEMAN:  Okay.
 THE COURT:  Theres eleven documents that were presented by Mr.
 Coggins during your testimony.
 TANGEMAN:  There is one side of that page that you have not
 considered, Your Honor.
 THE COURT:  I have looked at every document.
 TANGEMAN:  No, sir.  You have not.  It is on the back side of that
 one mortgage.
 THE COURT:  I have - Sir, I have looked at every document as it
 was handed up and Ive looked at the dates.  Ive looked at all the recording
 information and everything that is on the documents.
 TANGEMAN:  There is a [o]ne hundred fifty thousand ($150,000) [d]ollar
 mortgage that preceded all of these dates and it is in evidence.
 THE COURT:  I understand that.  I understand that.
 TANGEMAN:  And it will clearly take care of any fraudulent
 claims.  It is clearly - - -
 THE COURT:  Well, sir, I am not meaning to cut you short, but I
 am.  If, after the [o]rder is entered, you have an attorney who wants to file
 some type of motion relating to the [o]rder, then that is the time to do it. 
 Alright, sir?
 TANGEMAN:  Yes, sir.

Shortly after
 this exchange, the hearing concluded.  In the final order, the master-in-equity
 set aside the transfer of Tangemans property to his wife as a fraudulent
 conveyance and appointed a receiver over all of his business and real estate
 properties until the Malleks judgment was paid in full.  
Tangeman
 filed a motion to reconsider claiming he was not provided an opportunity to
 prove the transfers were valid and requested the master-in-equity consider
 certain documents he was not allowed to present at the hearing.  The master-in-equity
 denied Tangemans motion.  This appeal follows.          
STANDARD OF REVIEW
Supplementary proceedings
 are equitable in nature.  Ag-Chem Equip. Co., Inc. v. Daggerhart, 281
 S.C. 380, 383, 315 S.E.2d 379, 381 (Ct. App. 1984).  In an equitable matter
 referred to a master-in-equity for final judgment, we may find facts in
 accordance with our own view of the preponderance of the evidence.  Van
 Blarcum v. City of North Myrtle Beach, 337 S.C. 446, 450, 523 S.E.2d 486,
 488 (Ct. App. 1999).  However, this court is not required to disregard the
 findings of the master-in-equity.  Friarsgate, Inc. v. First Fed. Sav. &
 Loan Assn, 317 S.C. 452, 456, 454 S.E.2d 901, 904 (Ct. App. 1995).  
The admissibility
 of evidence is within the sound discretion of the trial court and will not be
 reversed on appeal absent an abuse of discretion or the commission of legal error
 resulting in prejudice to the defendant.  Wright v. Craft, 372 S.C. 1,
 33, 640 S.E.2d 486, 504 (Ct. App. 2006).  An abuse of discretion occurs when
 the ruling is based on an error of law or a factual conclusion that is without
 evidentiary support.  Menne v. Keowee Key Prop. Owners Assn, Inc.,
 368 S.C. 557, 568, 629 S.E.2d 690, 696 (Ct. App. 2006).  To warrant reversal
 based on the admission or exclusion of evidence, the appellant must prove both
 the error of the ruling and the resulting prejudice.  Fields v. Regl Med.
 Ctr. Orangeburg, 363 S.C. 19, 609 S.E.2d 506, 509 (2005).
LAW/ANALYSIS
Tangeman argues the
 denial by the master-in-equity of his request to present evidence of a valid
 conveyance was error.  We agree. 
The
 Statute of Elizabeth, as codified in section 27-23-10 of the South Carolina
 Code (Supp. 2007), provides in relevant part: 

 Every .
 . . conveyance of lands . . . which may be had or made to or for any intent or purpose
 to delay, hinder, or defraud creditors and others of their just and lawful . .
 . debts . . . must be deemed and taken . . . to be clearly and utterly void,
 frustrate and of no effect, any pretense, color, feigned consideration,
 expressing of use, or any other matter or thing to the contrary
 notwithstanding. 

Pursuant to this
 statute, conveyances may be set aside under two conditions: (1) where the
 transfer is made by the grantor with the actual intent of defrauding his
 creditors where that intent is imputable to the grantee, even though there is
 valuable consideration; and (2) where a transfer is made without actual intent
 to defraud the grantors creditors, but without valuable consideration.  See Albertson v. Robinson, 371 S.C. 311, 316, 638 S.E.2d 81, 83 (Ct. App.
 2006).  Where a conveyance is made without an actual intent to defraud but
 without consideration, the conveyance will stand if the grantor reserves a
 sufficient amount of property not merely at the time of the transfer, but an
 amount from which in the final analysis the creditors are able to collect their
 indebtedness in full.  Gardner v. Kirven, 184 S.C. 37, 41, 191
 S.E. 814, 816 (1937).  Moreover, [w]here transfers to members of the family
 are attacked either upon the ground of actual fraud or on account of their
 voluntary character, the law imposes the burden on the transferee to
 establish both a valuable consideration and the bona fides of the transaction by
 clear and convincing testimony.  Id. (emphasis added).  
In
 this case, the alleged fraudulent conveyance was between family members; thus, the
 burden to establish valuable consideration and the bona fides of the transaction
 was imposed upon the transferee.  See Id.   However, the
 transferee, Tangemans wife, was not a party to the proceeding at issue.[3] Moreover, not only was the transferee not a party to the proceeding, but Tangeman
 himself was also denied the opportunity to introduce documentary evidence and
 to present an argument as to the validity of the transfer.  Review of the
 record indicates the master-in-equity stated that the Malleks had exclusive
 control over the presentation of the case and Tangemans involvement was
 limited solely to responding to their questions on direct examination.  The
 record further reveals that Tangeman sought to present testimony in response to
 the Malleks presentation on direct examination and was repeatedly denied the
 opportunity.  The master-in-equity erred by precluding Tangeman the opportunity
 to present his position as to the validity of the transfer.  Moreover, we
 further express concern that the master-in-equity clearly stated that Tangeman
 may only respond by having an attorney file some motion after the issuance of
 the courts order.[4] 
 We find Tangemans inability to present his position prejudiced him.  
Therefore,
 we conclude a remand is appropriate to allow for a hearing in which Tangeman is
 provided an opportunity to address the validity of the transfer.[5] 
 Accordingly, we find it unnecessary to address Tangemans remaining issues and
 arguments.  See IOn, L.L.C. v. Town of Mount Pleasant, 338 S.C.
 406, 423, 526 S.E.2d 716, 725 (2005) (holding that the court need not address
 additional issues if it is not necessary to the resolution of the case).  
Based
 on our reasoning herein, the decision of the master-in-equity is  
REVERSED AND
 REMANDED. 
WILLIAMS,
THOMAS, and PIEPER, JJ., concur. 

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.
[2] Tangeman also produced his 2001 and 2002 Federal
 income tax returns, which list Delbert Tangeman as the sole proprietor of his
 building contracting business.  The returns also indicated income received from
rental property in the names of both Tangeman and his wife.  
[3] We recognize the issue as to the transferee not being
 named as a party was not raised; therefore, we focus only on the decision to
preclude Tangeman from addressing the validity of the transfer.
[4] As to the Malleks argument that Tangeman failed to
 proffer the documents into the record, the record clearly shows the futility of
 further attempts to preserve Tangemans desire to introduce these documents in
 light of the comments of the master-in-equity.  See Staubes v. City
 of Folly Beach, 339 S.C. 406, 415, 529 S.E.2d 543, 547 (2000) (noting that
 this court does not require parties to engage in futile actions in order to
 preserve issues for appellate review).  Moreover, since the master-in-equity
 specifically indicated that Tangeman could only further address the court by
 way of post trial motion, we find Tangeman has preserved his arguments because
 he complied with the courts specific instructions by way of a motion to
 reconsider.  Thus, in light of the courts specific directions, we decline to
find Tangemans arguments unpreserved.   
[5] On remand, consideration should be given as to
 whether the case should be postured as a declaratory judgment or other
 independent action and whether Tangemans wife, as transferee, should be added
as a party.