18224

The COUNTY BANK, GREENWOOD, South Carolina, Appellant, v. SOUTH CAROLINA NATIONAL BANK, GREEN-VILLE, South Carolina, Respondent

(137 S. E. (2d) 281)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. Rainey, Fant & Horton,* of Greenville, *for Respondent,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant, in Reply,*

June 10, 1964.

LEWIS, Justice.

Upon the purported endorsements of the payees, the defendant, The South Carolina National Bank, cashed five checks which were drawn on accounts in the plaintiff bank, The County Bank of Greenwood, and forwarded the checks to the plaintiff for payment with a guarantee of the endorsements thereon. The checks were paid and charged by

the plaintiff against the accounts upon which drawn, but it later developed that the endorsements guaranteed by the defendant were forgeries. This action was subsequently instituted by the plaintiff, as the drawee bank, against the defendant, as the collecting bank, to recover the money paid to the latter upon the foregoing checks. The lower court, before whom the case was tried without a jury, concluded that the plaintiff had suffered no loss by reason of the forgeries and was, therefore, not entitled to recover. Judgment was accordingly entered for the defendant and the plaintiff has appealed. Under our view of the matter, a decision as to the correctness of the foregoing conclusion of the lower court is determinative of this appeal.

The record supports the following factual findings by the lower court, which, since this is a law case, are binding on this Court on appeal. *Robinson v. Carolina Casualty Insurance Co.*, 232 S. C. 268, 101 S. E. (2d) 664.

The drawers of the checks involved were Farmers Loan and Trust Company, hereinafter referred to as Farmers Loan, and Textile General Insurance Company, hereinafter referred to as Textile General. It appears that Abney Mills, a large textile manufacturing concern, had a profit sharing plan for its employees and Farmers Loan was the trustee under such plan. Textile General, which was engaged in the insurance business, carried a group policy covering the employees of Abney Mills. Although the stock in Abney Mills, Farmers Loan, and Textile General was owned by substantially the same parties, they were separate and distinct corporations and acted as such at all pertinent times herein.

In 1961, Farmers Loan issued four checks payable to employees or former employees of Abney Mills and, about the same time, Textile General issued a check payable to a beneficiary under the group policy of insurance. All checks were drawn against the respective accounts of the drawers

in the plaintiff bank and forwarded to one Freeman, the personnel officer of Abney Mills, for delivery to the payees. Instead of delivering the checks as directed, Freeman forged the signatures of the payees thereon, added his endorsement, and cashed the checks at the defendant bank. In his capacity as personnel officer, Freeman frequently took checks to the defendant bank and cashed them as a matter of convenience to employees of Abney Mills.

Upon cashing the checks, the defendant bank forwarded them in due course to the plaintiff, as the drawee bank, for payment with a guarantee of the endorsements thereon. The plaintiff paid the checks and charged the amounts to the accounts of the drawers. The above mentioned forgeries were subsequently discovered and came to the attention of the drawers of the checks, but they have never demanded reimbursement from the plaintiff, nor raised any question as to the propriety of plaintiff's actions in charging the checks to their accounts. Instead, upon discovery of the forgeries, the drawers filed a claim for their loss with Abney Mills, the employer of the forger, and were reimbursed in full by that company from funds recovered by it from its insurer under a policy of insurance covering loss from forgeries.

Upon the foregoing factual findings, the lower court held that the plaintiff had sustained no loss from the forgeries and, therefore, was not entitled to recover. We think that the lower court reached the correct conclusion.

The alleged liability of the defendant, as the collecting bank, to the plaintiff, as the drawee bank, is based upon the contractual obligation of the defendant arising out of the express warranty of the forged endorsements on the checks. In order to recover damages for the breach of such contractual obligation, it must be shown that the plaintiff has suffered a loss therefrom. 7 Am. Jur., Banks, Section 598; 9 C. J. S., Banks and Banking § 358c (1).

The plaintiff has suffered no loss, nor can it under the foregoing facts. Upon the discovery of the forgeries, the drawers had one of two courses of action open to them. They could have either required the plaintiff to reimburse them for the amount of the checks charged against their accounts or collected their loss from others who might be liable. They clearly could not collect twice. Instead of collecting from the plaintiff, they settled their loss in full with a third party, the employer of the forger. The collection of their loss in full by the drawers of the checks from the employer of the forger precluded them from proceeding against the plaintiff. If the drawers cannot collect from the plaintiff, obviously the plaintiff cannot recover from the defendant for it has suffered no loss from the forgeries.

The plaintiff contends, however, that its right to recover from the defendant was preserved under a purported loan receipt executed by it, the drawers (Farmers Loan and Textile General), and Abney Mills at the time of the collection by Abney Mills from the insurer. The circumstances surrounding the execution of the alleged loan receipt need not be set forth, for affirmance of the foregoing factual findings by the lower court of necessity disposes of all contentions of the plaintiff thereabout.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.