0362

BANKERS TRUST OF SOUTH CAROLINA, Appellant, v. The SOUTH CAROLINA NATIONAL BANK OF CHARLESTON, Heber E. Smith, H. Louis Wachsmuth, Jr., John S. Onorato and Wacho Enterprises, Inc. Respondents.

(325 S. E. (2d) 81)

Court of Appeals

*Charles S. Bernstein,* of *Bernstein & Manos,* Charleston, *for appellant.*

*L. Henry McKellar* and *Stan McGuffin,* Columbia, *for respondent.*

Heard Oct. 24, 1984.

Decided Jan. 8, 1985.

CURETON, Judge:

In this declaratory judgment action initiated by appellant Bankers Trust, the circuit court entered judgment for respondent South Carolina National Bank (SCN) on its counterclaim against Bankers Trust for reimbursement of $21,500. We affirm.

The parties stipulated to the following facts. Herber E. Smith, H. Lewis Wachsmuth and John Onorato, principals in Wacho Enterprises, Inc., obtained a secured loan from Bankers Trust in the amount of $21,500 to purchase a houseboat. In obtaining the loan, they represented to Bankers Trust that the houseboat was appraised for $50,000 and that its purchase price was $28,900 when in fact its purchase price was $13,500. As part of the loan transaction, Bankers Trust received a promissory note (payable in six months) from Smith, Wachsmuth and Onorato and issued a cashier's check,[1] drawn upon itself, payable jointly to the three men and William Parker, seller of the houseboat.

After forging Parker's signature, Smith, Wachsmuth and Onorato endorsed the check, opened a checking account at SCN, deposited the check into the account and contemporaneously wrote several checks against the account. They also obtained a SCN cashier's check for $13,500 which they forwarded to Parker who accepted it in full payment of the houseboat. The account was then closed. In the usual course

---

[1] While SCN argued in its supplement brief that the check was a draft not a cashier's check, we see no necessity to label the check. There is no legal difference between a draft and a cashier's check where both instruments are issued by a bank in its dual capacity as drawer and drawee. *Allison v. First National Bank in Albuquerque,* 85 N. M. 283, 511 P. (2d) 769, 771 (N. M. App. 1973); *Cochrane v. Florida East Coast Ry. Co.,* 107 Fla. 431, 145 So. 217 (1932); *see* 10 Am. Jur. (2d) *Banks* Section 545 (1963).

of business, SCN forwarded the check with the forged endorsement to Bankers Trust who paid it.

When Smith, Wachsmuth and Onorato failed to pay the promissory note at maturity, Bankers Trust brought a claim and delivery action, repossessed the houseboat, and sold it for $14,000. After deducting collection costs and attorney fees, Bankers Trust credited $7,500 to the men's account and received a deficiency judgment for the balance of the debt. Meanwhile, Bankers Trust discovered the fraud practiced upon it by the three men and obtained an affidavit of forgery from Parker. It returned the affidavit and forged check to SCN for reimbursement under South Carolina Uniform Commercial Code Section 36-4-207[2] and SCN repaid the $21,500.

Subsequently, SCN conducted an investigation into the forgery, obtained Parker's endorsement of the check and demanded the return of the $21,500 it paid Bankers Trust on the breach of warranty claim. Bankers Trust refused repayment.

Bankers Trust commenced this suit as a declaratory judgment action requesting that the court determine whether it was entitled to apply the net proceeds from the boat sale to various debts owed it by Smith, Wachsmuth and Onorato. SCN made no claim to the proceeds but counterclaimed against Bankers Trust for the sum of $21,500, the amount of the check. The trial court granted judgment to Bankers Trust on its claim to the sale proceeds, but found as a matter of equity that Bankers Trust must bear the loss resulting from the fraudulent conduct of Smith, Wachsmuth and Onorato. It reasoned that since SCN obtained Parker's genuine endorsement on the check, Bankers Trust could no longer hold SCN for breach of warranty under the provisions of Section 36-4-207. The trial court also found that it would be inequitable to permit Bankers Trust to retain the $21,500 paid it by SCN.

The primary issue raised on appeal is whether SCN may recover the $21,500 from Bankers Trust inasmuch as Parker has ratified the endorsement of the check, accepted the proceeds due him and interposed no claim against Bankers Trust based on payment of the fradulently endorsed check.

---

[2] Code Section 36-4-207 creates a warranty in favor of a payor bank against each collecting bank that the signatures on the check transferred are genuine. Breach of the warranty subjects the collecting bank to liability for the loss sustained by the payor bank.

We note at the outset that this Court finds it extremely difficult to identify the contentions of the parties. Several reasons account for this difficulty. First, the parties omitted all the pleadings from the transcript of record; during oral argument, however, Bankers Trust contended that SCN's counterclaim was premised on Uniform Commercial Code law, and SCN contended its claim was based on the equitable theory of unjust enrichment. Second, none of Bankers Trust's nine exceptions contains a complete assignment of error as required by Rule 4, Section 6 of the Rules of the Supreme Court of South Carolina. Third, in spite of the nine exceptions, Bankers Trust raises and addresses only one question in its brief: "Are banks bound by the clear language of the Uniform Commercial Code or are their dealings governed by 'equitable principles.'" Nevertheless, we will consider the issues Bankers Trust argued in its brief and in oral argument before us because they were either fully briefed, argued or were readily apparent to the parties during the course of the appeal. *Goodwin v. Dawkins,* S. C., 317 S. E. (2d) 449 (1984); *Ag-Chem Equipment Co. v. Daggerhart,* 315 S. E. (2d) 379 (S. C. App. 1984); *Ramage v. Ramage,* 322 S. E. (2d) 22 (S. C. App. 1984).

The position Bankers Trust takes in its brief is that SCN's right to repayment from Bankers Trust rests on whether the Uniform Commercial Code (U.C.C.) gives SCN a right to repayment. Bankers Trust focuses upon the circumstances existing at the time SCN demanded the return of the $21,500 it paid Bankers Trust on the breach of warranty claim. It argues that what SCN did was to cure the forgery and present the check to Bankers Trust for payment. At that time, Bankers Trust contends, SCN was not a holder in due course as defined by Section 36-3-302 because at the presentation of the check for repayment, SCN knew of Bankers Trust's defense of fraud against payment of the check to the payees. According to Bankers Trust, SCN stands in the shoes of the payees and Bankers Trust is entitled to assert its defense of fraud against SCN. We disagree.

A brief review of the liabilities and rights of the various parties in the banking chain on a forged endorsement should help place Bankers Trust's contentions in perspective. When a payor bank (Bankers Trust)

pays money on a check containing a forged endorsement, the bank incurs liability to the drawer whose account is wrongfully debited and to the payee whose signature was forged. *Life Insurance Co. of Virginia v. Edisto National Bank of Orangeburg*, 166 S. C. 505, 165 S. E. 178 (1932); S. C. Code Ann. Section 36-4-207, *supra.* n. 1.

In the case *sub judice*, Bankers Trust is both the drawer and the drawee of the cashier's check. The check is the primary obligation of Bankers Trust, a promise to pay a sum which cannot be countermanded. *Perkins State Bank v. Connolly*, 632 F. (2d) 1306, 1320 (5th Cir. 1980); *Wertz v. Richardson Heights Bank & Trust*, 495 S. W. (2d) 572 (Tex. 1973); *Dziurak v. Chase Manhattan Bank, N. A.*, 44 N. Y. (2d) 776, 406 N.Y.S. (2d) 30, 377 N. E. (2d) 474 (1978); 10 Am. Jur. (2d) *Banks* Section 643 (1963). Consequently, when Bankers Trust paid money on the cashier's check containing the forged endorsement of Parker, it had a right to sue SCN for breach of the presentment warranties.

In the banking chain, the collecting bank (SCN) now holds a check containing a forged endorsement and as to which it has had to make good the face amount to the payor bank. According to South Carolina UCC Code Section 36-3-404, the unauthorized signature may be ratified by the person whose name was signed. SCN, after investigation, secured Parker's endorsement of the check and requested that Bankers Trust return the $21,500 SCN had paid for breach of the presentment warranties.

Bankers Trust contends that SCN was re-presenting the cashier's check to it for payment and that according to Code Section 36-3-306,[3] it was entitled to raise the defense against SCN of the payee's fraud and forgery since SCN was not a holder in due course.

We need not address this contention since it is clear that after Bankers Trust paid and cancelled the cashier's check, it had no more vitality as a negotiable instrument because payment discharges all parties to the check. S. C. Code Ann. Section 36-3-601 (1976) and Section 36-3-603 (1976); 60 Am.

[3] Section 36-3-306 provides that one not a holder in due course takes the instrument subject to "all defenses of any party which would be available in an action on a simple contract, and the defenses of want or failure of consideration...."

Jur. (2d) *Payment* Section 128 (1972); 10 Am. Jur. (2d) *Banks* Section 543 (1963); *see also North Carolina National Bank v. South Carolina National Bank,* 449 F. Supp. 616 (D.S.C. 1976), aff'd, 573 F. (2d) 1305 (4th Cir. 1978), *cert. denied,* 439 U. S. 985, 99 S. Ct. 577, 58 L. Ed. (2d) 657 (1978). Neither Bankers Trust nor SCN can premise a right to recover losses sustained on the check itself which had been paid. Bankers Trust conceded in oral argument that the check was paid on SCN's initial presentment of it. Therefore, under UCC law, SCN necessarily could not represent the check and become subject to Bankers Trust's defenses against one not a holder in due course.

What SCN could and did do was secure Parker's ratification of the unauthorized endorsement and thereby cure its breach of the presentment warranties. *First National Bank of Arizona v. Continental Bank,* 138 Ariz. 194, 673 P. (2d) 938 (Ariz. App. 1983). The question remains whether SCN, having cured the breach, may now recover the money paid Bankers Trust because of the breach.

Although the UCC declares that the collecting bank is liable to payor bank which pays an instrument containing a forged endorsement, the courts have developed an equitable exception:

> Where the proceeds of a forged check reach the intended payee, there can as a general rule be no cause of action by anyone on the forged endorsement. The payee cannot sue ... since he suffered no damage — he has, after all, received the monies intended for him. The drawer [Bankers Trust] may not sue the drawee-payor bank [Bankers Trust] for an improper charge on his account because, again, no damage has been suffered as the funds have been put to their proper use ... Being immune from suit once the payee has received his funds, the payor bank has suffered no damage from the forgery and hence cannot reap undeserved benefits from the collecting bank.

*Atlantic Bank of New York v. Israel Discount Bank Ltd.,* 108 Misc. (2d) 342, 441 N.Y.S. (2d) 315, 317-318 (1981); *see County Bank, Greenwood v. South Carolina National Bank, Greenville,* 244 S. C. 327, 137 S. E. (2d) 281 (1964); *Conwed Corp. v.*

*First Citizens Bank & Trust Co.*, 262 S. C. 48, 202 S. E. (2d) 22 (1974); *Starkey Construction, Inc. v. Elcon, Inc.*, 248 Ark. 958, 457 S. W. (2d) 509 (1970); *Gordon v. State St. Bank & Trust Co.*, 361 Mass. 258, 280 N. E. (2d) 152 (1972); *Coplin v. Maryland Trust Co.*, 222 Md. 119, 159 A. (2d) 356, 358 (1960); *Tonelli v. Chase Manhattan Bank*, N. A. 41 N. Y. (2d) 667, 394 N. Y.S. (2d) 858, 363 N. E. (2d) 564 (1977); *see also Glens Falls Indemnity Co. v. Palmetto Bank*, 23 F. Supp. 844 (W.D.S.C. 1938); Bailey, *Brady On Bank Checks* Section 23.6, p. 23-8 (5th ed. 1979).

Bankers Trust has suffered no loss at the hands of SCN. As the trial court held, it would be inequitable to permit Bankers Trust to pass the loss occasioned by its dealings with Smith, Wachsmuth and Onorato to SCN.

Finally, during oral argument, Bankers Trust argued that since SCN did not plead a claim for relief based on an equitable theory of recovery, the trial court erred in entering judgment on such a theory. Although the pleadings are not part of the record on appeal, we note that the trial judge addressed this issue in his order and found that SCN did in fact assert an equitable basis for recovery. We note further that in exceptions seven through nine, Bankers Trust attempted to raise on appeal the issue of SCN's failure to seek equitable relief. Its brief, however, contains no reference to or argument of the exceptions and they are therefore deemed abandoned. *Blakeley v. Rabon*, 266 S. C. 68, 221 S. E. (2d) 767 (1976).

Accordingly, the order of the trial court as entered is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.