COMERICA BANK v MICHIGAN NATIONAL BANK

Docket No. 160061. Submitted August 11, 1994, at Detroit. Decided
June 20, 1995, at 9:10 A.M.

Comerica Bank brought an action in the Wayne Circuit Court
against Michigan National Bank, seeking reimbursement of an
amount paid pursuant to a cashier's check issued by the
plaintiff on the basis that the defendant, as the collecting bank,
had failed to secure a proper endorsement of the check and,
thus, was strictly liable under its presentment warranty. The
plaintiff had extended a line of credit to South Central Invest-
ment Associates, a partnership. The plaintiff increased the line
of credit in exchange for a promissory note from South Central
and then issued a cashier's check that named South Central as
payee. The check was endorsed "SCI Prof. Assoc., Inc.," and the
funds were deposited with the defendant in an account of SCI
Professional Associates, Inc. SCI is a corporation formed by the
same four individuals that are the partners in South Central.
After two extensions of South Central's note, SCI assumed the
loan by executing a promissory note and securing the note with
two parcels of land owned by SCI. When SCI defaulted on the
note, the plaintiff chose to proceed with the action for reim-
bursement of the funds paid pursuant to the presentment
warranty made with respect to the cashier's check. The trial
court, Marianne O. Battani, J., granted summary disposition
for the plaintiff, holding that the defendant was strictly liable
for reimbursement of the amount of the check pursuant to
§ 207(1)(a) of Article Four of the Uniform Commercial Code,
UCC 4-207(1)(a), MCL 440.4207(1)(a); MSA 19.4207(1)(a), because
of its failure to secure a proper endorsement of the payee of the
check. The defendant appealed.

The Court of Appeals held:

1. A bank can escape the strict liability arising from the
failure to secure a proper endorsement of a payee of a check
created by the presentment warranty of former UCC 4-207(1)
(a), now found in UCC 4-208(1)(a), MCL 440.4208(1)(a); MSA

REFERENCES

Am Jur 2d, Banks §§ 631-633.
See ALR Index under Banks and Banking.

19.4208(1)(a), by proving that the intended payee received the proceeds of the check. The intended-payee defense is based on the belief that a drawer should not be permitted to be unjustly enriched at the expense of a collecting bank where the payee receives the funds and the drawer is not injured by the improper payment.

2. Although it is undisputed that South Central did not endorse the check or deposit the funds in its own account, it is equally clear that the depositing of the funds of the cashier's check in the SCI account was consistent with South Central's intended use of the funds. The cashier's check had been obtained so that South Central could purchase an apartment building, and the purchase agreement, which the plaintiff had reviewed before increasing the line of credit and issuing the cashier's check, clearly indicated that the building was going to be purchased in the name of SCI. Further, liability under the Uniform Commercial Code for a faulty endorsement by the payee contemplates that the payee will complain about never having received the funds. No such complaint was made by this payee. Accordingly, under these circumstances, the intended-payee defense has been established, and the trial court erred in granting summary disposition for the plaintiff.

Reversed and remanded for entry of judgment for the defendant.

BILLS, NOTES, AND CHECKS — BANKS AND BANKING — UNIFORM COMMERCIAL CODE — ENDORSEMENTS — PRESENTMENT WARRANTY — INTENDED-PAYEE DEFENSE.

A bank can escape the strict liability arising from the failure to secure a proper endorsement of a payee of a check created by the presentment warranty of the Uniform Commercial Code by proving that the intended payee received the proceeds of the check (MCL 440.4208[1][a]; MSA 19.4208[1][a]).

*Kasiborski, Ronayne & Flaska* (by *Chester E. Kasiborski, Jr.*), for the plaintiff.

*Douglas C. Bernstein* and *Gary J. Galopin,* for the defendant.

Before: CORRIGAN, P.J., and WAHLS and P. J. MACERONI,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. In this action brought by plaintiff under Article Four of the Uniform Commercial Code (UCC), defendant appeals as of right the trial court's order granting summary disposition for plaintiff pursuant to MCR 2.116(C)(10). We reverse.

On November 1, 1987, four individuals formed a partnership, South Central Investment Associates, for the purpose of "purchasing, developing and/or operating income producing property and related ventures." Approximately ten months later, the partners incorporated SCI Professional Associates, Inc.

In 1988, plaintiff extended South Central a $100,000 line of credit that was secured by the personal guarantees of the partners. In July 1989, plaintiff increased the line of credit to $150,000 and subsequently issued a cashier's check for $149,850, listing "South Central Investment Associates" as the payee. In return, South Central executed a promissory note to plaintiff. The intended purpose of this unsecured loan was for the purchase of an apartment building. The purchase agreement, however, clearly reflected that SCI was the buyer. The cashier's check was endorsed "SCI Prof. Assoc., Inc." and deposited in SCI's account with defendant. Plaintiff's account with the Federal Reserve Bank was debited for the amount of the check.

South Central eventually failed to pay the promissory note when it matured in November 1989; nevertheless, plaintiff renewed the note on two subsequent occasions. On March 9, 1990, SCI assumed the loan by executing a promissory note in the amount of $150,000 and securing the note by two parcels of real estate that were owned by SCI. A few months later, two partners were arrested and charged with obtaining money under false

pretenses. SCI subsequently failed to the pay the note when it matured.

Rather than foreclosing on the mortgage, plaintiff informed defendant on May 17, 1991, that defendant had improperly accepted and processed the cashier's check, because the check was improperly endorsed. Defendant refused to reimburse plaintiff the proceeds of the check. Plaintiff then filed the instant action on the basis that defendant was strictly liable for accepting an improperly endorsed check for deposit under Article Four of the UCC. Defendant, however, claimed that it was not responsible because the proceeds of the cashier's check were received by the intended payee, South Central. The trial court eventually granted plaintiff's motion for summary disposition, holding that defendant was liable because the check had not been endorsed by South Central.

Defendant's liability was predicated on UCC 4-207(1), MCL 440.4207(1), MSA 19.4207(1), which provided in relevant part:

> Each customer or collecting bank who obtains payment or acceptance of an item and each prior customer and collecting bank warrants to the payor bank or other payor who in good faith pays or accepts the item that ·
> (a) he has a good title to the item or is authorized to obtain payment or acceptance on behalf of one who has good title.

Pursuant to this "presentment warranty," which is now contained in MCL 440.4208(1)(a); MSA 19.4208(1)(a), the collecting bank warrants to the drawee bank that there are no forged or improper endorsements. If the bank breaches this warranty by presenting a check with an improper endorsement to the drawee bank for payment, then it is

liable to the drawee bank for the amount of the check.

Defendant does not dispute that it breached the presentment warranty by accepting for deposit the cashier's check that was not endorsed by South Central. However, defendant contends that it should not be held liable, because South Central, the intended payee, received the proceeds of the check. This issue is one of first impression in this jurisdiction. However, some jurisdictions have held that a bank may escape liability for honoring a check on a faulty or improper endorsement, or even with no endorsement, if the bank can prove that the intended payee received the proceeds of the check. *Ambassador Financial Services v Indiana Nat'l Bank,* 605 NE2d 746 (Ind, 1992); *Bankers Trust of South Carolina v South Carolina Nat'l Bank of Charleston,* 284 SC App 238; 325 SE2d 81 (1985); *Segel v First State Bank of Miami,* 432 So 2d 1378 (Fla App, 1983); *Northeast Bank of Clearwater v Bentley,* 413 So 2d 480 (Fla App, 1982); *Blackmon v Hale,* 1 Cal App 3d 548; 83 Cal Rptr 194; 463 P2d 418 (1970). See also *Atlantic Bank of New York v Israel Discount Bank Ltd,* 108 Misc 2d 342; 441 NYS2d 315 (Sup Ct App Term, 1981); *Commercial Credit Corp v Empire Trust Co,* 260 F2d 132 (CA 8, 1958). This defense is grounded on two basic principles. First, it is aimed at preventing a drawer from being unjustly enriched by recovering for an improperly paid check where the proceeds of the check in fact were received by the payee. It is also justified where a bank's improper payment is not a cause of the drawer's injury flowing from the transaction. *Ambassador, supra* at 752-753. Finding these decisions sound and persuasive, we hold that the intended-payee defense is available to a bank in defending an action for breach of its presentment warranties.

We now turn to the case at hand to determine whether defendant has established the defense. While it is true that South Central never endorsed the check and deposited the funds in its own account, it is undisputed South Central received the check. The South Central partners, who were also the incorporators of SCI, directed the funds into SCI's account by endorsing the check with the corporation's name. Regardless of whether South Central literally endorsed the check and placed the funds in its own account or another account, South Central obviously intended to transfer the proceeds to SCI in order to purchase the apartment complex. Indeed, plaintiff reviewed the purchase agreement, which clearly listed SCI as the purchaser. Therefore, plaintiff's argument that it never intended for anyone but South Central to receive the proceeds of the loan is irrelevant for purposes of applying the intended-payee rule to the facts of this case.

As a matter of policy, our decision further advances the intent behind the presentment warranty. In general, the drawee bank will seek reimbursement from the collecting bank under the presentment warranty when the drawee bank has recredited the amount of the check to the drawer's account. A drawee bank is strictly liable to the drawer for the amount of the improper payment where it pays a check over a forged or improper endorsement of a payee pursuant to UCC 3-417(1)(a), MCL 440.3417(1)(a); MSA 19.3417(1)(a). Naturally, this process begins once the payee has informed the drawer that it never received the check. See White & Summers, Uniform Commercial Code (3d ed, 1988), § 15-9, pp 682-683. In this case, South Central never informed plaintiff, who was both the drawer and drawee of the cashier's check, that it never received the funds. Instead,

plaintiff is utilizing the presentment warranty to recoup its loss for making a bad loan.

Accordingly, we find that defendant is not strictly liable for breaching its presentment warranty where it has sufficiently established the intended-payee defense. Therefore, the trial court erred as a matter of law in granting plaintiff's motion for summary disposition.

Reversed and remanded for entry of a judgment in favor of defendant. We do not retain jurisdiction.