# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD M. ERKFRITZ,

Plaintiff-Appellant,

UNPUBLISHED
November 12, 2015

v

BANK OF AMERICA,

Defendant-Appellee.

No. 323884
Oakland Circuit Court
LC No. 2014-140808-AV

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted a circuit court order affirming a district court order granting defendant's motion for summary disposition. We affirm.

Plaintiff entered into three contracts with City Resorts related to selling his time share, and he was required to pay an advertising fee. The instructions attached to the three contracts directed plaintiff to obtain cashier's checks made out to City Resorts, which were to be delivered by overnight mail. Plaintiff went to defendant's bank and requested three cashier's checks, all made out to "CITY RESORTS / T985ERK AND DONALD ERKFRITZ." These checks were eventually presented for payment to Suntrust Bank by Red Solutions, LLC. "Red Solutions LLC d/b/a Resort Advisors" endorsed two of the checks by a stamp. One check contained no endorsement. None of the checks were endorsed by plaintiff. When presented with the improperly endorsed checks, defendant paid the money, amounting to $5,990, out of plaintiff's account. It was later determined that Red Solutions, doing business as City Resorts, was engaged in fraud and was the subject of a Federal Trade Commission (FTC) lawsuit. City Resorts accepted money, but never performed. When plaintiff was alerted to the payment without his endorsement, he requested reimbursement from defendant. Defendant refused.

Plaintiff filed this case in district court, claiming that defendant was liable for the lost money. Defendant immediately moved for summary disposition, arguing that it was shielded from liability by the intended payee rule. In other words, defendant was not liable because the money was paid to the intended payee, City Resorts, and plaintiff's loss was not proximately caused by defendant's alleged improper payment. Plaintiff responded with his own summary disposition motion, arguing that defendant had no viable defense to the lawsuit and there was no factual dispute that allowed defendant to escape liability. Eventually, the district court granted summary disposition in defendant's favor, holding that the intended payee rule shielded

-1-

defendant from liability. Plaintiff appealed that decision to the circuit court, where it was affirmed. This Court granted plaintiff's delayed application for leave to appeal the circuit court's order. *Erkfritz v Bank of America*, unpublished order of the Court of Appeals, entered April 21, 2015 (Docket No. 323884).

Plaintiff argues that defendant was not entitled to summary disposition because the intended payee defense was not established in this case. We disagree.

We review de novo a circuit court's decision affirming a district court's decision to grant a motion for summary disposition. *First of America Bank v Thompson*, 217 Mich App 581, 583-584; 552 NW2d 516 (1996). Although the district court did not indicate under which subrule of MCR 2.116 it granted summary disposition, the record shows that the court considered evidence outside of the pleadings and, thus, we consider the motion granted under MCR 2.116(C)(10). See *Spiek v Dep't of Transp*, 456 Mich 331, 338; 572 NW2d 201 (1998). Summary disposition is proper under MCR 2.116(C)(10) where, even considering the evidence submitted by the parties in the light most favorable to the opposing party, no genuine issue of any material fact was established and, thus, the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

A bank may not charge against a customer's account a check or item that is not "properly payable." *Pamar Enterprises, Inc v Huntington Banks of Mich*, 228 Mich App 727, 735; 580 NW2d 11 (1998). "Accordingly, the drawer of a check has a remedy against the drawee bank for recredit of the drawer's account for the unauthorized payment of the check in the amount of the improper payment." *Id*. at 736. This action, however, is "subject to any defenses raised." *Id*.

Assuming without deciding that the checks at issue in this case were not properly payable, we consider whether the intended payee rule shielded defendant from liability. "[A] bank may escape liability for honoring a check on a faulty or improper endorsement, or even with no endorsement, if the bank can prove that the intended payee received the proceeds of the check." *Comerica Bank v Mich Nat Bank*, 211 Mich App 534, 538; 536 NW2d 298 (1995). This defense is "aimed at preventing a drawer from being unjustly enriched by recovering for an improperly paid check where the proceeds of the check in fact were received by the payee." It also protects a bank where the "bank's improper payment is not a cause of the drawer's injury flowing from the transaction." *Id*. "[T]he intended-payee defense provides that a drawee bank is not liable to the drawer of a check for an improper payment if (1) the proceeds of the check reach the person the drawer intended to receive them and (2) the drawer suffers no loss proximately caused by the drawee's improper payment." *Pamar*, 228 Mich App at 737.

The first consideration, then, is whether the intended payee received the funds—which requires us to determine who the intended payee was. *Id*. Plaintiff asserts that the check should speak for itself and that the "intended payee" was City Resorts and plaintiff. Defendant argues that the intended payee was City Resorts only. We agree with defendant. In *Comerica*, 211 Mich App at 539, we engaged in a similar analysis and held that the intended payee was determined by considering the totality of the circumstances. Here, the record established that plaintiff entered into contracts with City Resorts, wherein plaintiff promised to pay fees by cashier's check. Shortly thereafter, plaintiff obtained three cashier's checks with City Resorts as at least one of the payees. The contracts between plaintiff and City Resorts reflected the same

amounts owed to City Resorts as on the checks issued by defendant. And plaintiff stated in his complaint that he "entered into a contract in order to sell a time-share," and "[i]n order to complete this sale [p]laintiff had to send money to an agent in Las Vegas who was assisting [p]laintiff in selling his time-share." The only conclusion to be made from these facts is that the checks were written with the intended purpose of paying City Resorts. See *Comerica*, 211 Mich App at 539. Plaintiff's argument that only he could decide who he intended to pay is without merit. As we stated in *Comerica*, the drawer's statement regarding intent "was irrelevant for the purposes of applying the intended-payee rule to the facts of this case." *Id*.

Next, we consider whether City Resorts received the payment. See *Pamar*, 228 Mich App at 737. It was undisputed that the checks were all received and deposited by Red Solutions. The record also reflects, in the FTC complaint provided to the district court, that Red Solutions often did business as City Resorts. Therefore, we may reasonably infer that the money accepted by Red Solutions was also received by the entity it did business as, City Resorts. Plaintiff's arguments that Red Solutions and City Resorts might have different bank accounts or that it is mere speculation that City Resorts ended up with the money are without merit, especially where plaintiff has provided no supporting documentation and only suggests the "mere possibility" that such a situation might exist. See *Bennett v Detroit Police Chief*, 274 Mich App 307, 317-318; 732 NW2d 164 (2006).

Finally, we consider whether plaintiff's loss was proximately caused by defendant's improper payment. See *Pamar*, 228 Mich App at 737. We conclude that plaintiff's loss was caused by the fraudulent activities of City Resorts, not by defendant. Plaintiff intended City Resorts to receive the funds and was only damaged when City Resorts failed to perform as set forth in their contract. As such, plaintiff's loss was not proximately caused by defendant's improper payment. See *id*.

In summary, we conclude that defendant was shielded from liability by the intended payee rule. Accordingly, the circuit court properly affirmed the district court's order granting summary disposition in defendant's favor and plaintiff's motion for summary disposition was properly denied.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray