Martin Schenck, J.
This is a motion by the plaintiff for summary judgment. One Carole Kuebler, a depositor in the defendant savings bank, requested the defendant to issue a teller’s check in the sum of $450 payable to the order of the plaintiff. She directed that the amount be deducted from her account. Thereupon, Miss Kuebler delivered the check to the plaintiff in part payment for an automobile which the plaintiff delivered to her. When the check was presented at the National Commercial Bank and Trust Company, upon which it was drawn by the defendant savings bank, payment was refused on the ground that the defendant had stopped payment. Plaintiff now sues the defendant savings bank for the amount of the check.
The point of law raised here appears to be novel. The rights of the parties are governed by the Uniform Commercial Code which became effective in this State September 27, 1964 just a few days before the series of transactions referred to above. That a customer may (provided certain rules are followed) stop payment on a check is clearly covered by subdivision (1) of *706 section 4-403 of the Uniform Commercial Code. Furthermore, section 4r-104 (snbd. [1], par. [e]) specifically defines a “ customer ” as including “ a bank carrying an account with another bank ”. The question presented is whether or not payment on a teller’s check may be -stopped by the issuing bank within the purview of the Uniform Commercial Code. It seems that one purpose of granting- authority and providing procedure to stop payment of a check is to afford protection to a party who may have discovered fraud or engaged in a disagreement as to terms or consideration in connection with the underlying contract pursuant to which the check was issued. Here the transaction for the sale and purchase of the automobile was between the plaintiff and Miss Kuebler. The defendant savings bank had no stake in that transaction whatsoever. The other purpose of prescribing procedure for payment stoppage is to protect the bank on which the check is -drawn. The National Commercial Bank is clearly covered and protected by the Uniform Commercial Code so that it incurred no liability by refusing payment on its depositor’s check. The question is: did the defendant savings bank have the authority to interject itself -so as to defeat the plaintiff’s claim herein? I am of the opinion that it did not have such right.
By issuing a teller’s check the defendant saving bank gave to its depositor an instrument upon which the plaintiff relied in making the sale and delivery of an automobile. The plaintiff did not rely on Miss Kuebler’s credit but in good faith accepted the check of a savings bank. The underlying transaction, as indicated above, was between the plaintiff and Miss Kuebler. The plaintiff accepted a bank check as in the nature of cash. This is a procedure that is widely followed in business transactions of many varieties throughout this area and presumably elsewhere in the State of New York. A teller’s check has generally been treated as “cash”. As a business practice such checks have been used and regarded on the same basis as certified checks. There are, of course, legal distinctions between certified checks and teller’s checks. Their respective legal effects may be different under different circumstances. Here, however, there is no basis upon which to make a determination that the plaintiff should have considered the teller’s check in any different light than he would have considered a certified check. This was a bank obligation which he received as consideration when he delivered his merchandise.
Although the foregoing conclusion is without precedent in this jurisdiction it receives support in other provisions of the Uniform Commercial Code. For example, subdivision (1) of *707 section 3-802 provides that “ where an instrument is taken for an underlying obligation
“ (a) the obligation is pro tanto discharged if a bank is drawer, maker or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor It would seem from the foregoing that the plaintiff has no recourse now against the defendant savings bank. If the defendant savings bank is not liable to the plaintiff it would seem that he has no rights enforcible under the Uniform Commercial Code which was enacted to protect persons engaged in business transactions involving instruments for the payment of money including, of course, checks.
It seems to me that the defense urged by the defendant would be applicable only where the bank issuing the teller’s check is an actual party to a transaction. For example, if the defendant savings bank were engaged in a contract for the purchase of property, equipment, etc., it would be regarded as the actual obligor in the transaction and could stop payment if it discovered fraud or a question arose as to the consideration, etc., in the same manner as any individual could stop payment. Here, however, the defendant savings bank, in effect, sold an instrument which was used exactly as one might use cash or a certified check. The defendant savings bank was in no sense a party to the transaction between the plaintiff and Miss Kuebler. The arguments raised by the defendant in reliance on subdivision (1) of section 4r-403 and paragraph (e) of subdivision (1) of section ér-lOá are not applicable here, at least as far as the rights of this plaintiff acting in good faith are concerned. The motion for summary judgment is granted, with costs and interest.