Morton B. Silberman, J.
In an action on a check, plaintiff moves for summary judgment in lieu of a complaint (CPLR 3213).
The dispositive facts are not in dispute. Bernard Robins, who is not a party to this action, engaged plaintiff to design a home for him. Robins paid plaintiff $1,500 on account. On or about March 31, 1970 plaintiff requested Robins to pay him an additional $1,000. On that same day, Mrs. Robins went to defendant bank, wherein the Robins maintained a joint .savings account, and requested the bank to withdraw $1,000 from the savings account and to make a check payable in that amount to plaintiff’s order. Defendant bank complied with Mrs. Robins’ request and issued to her a check for $1,000. The check was made payable to plaintiff’s order and was drawn upon defendant bank’s account with the Marine Midland National Bank of Southeastern New York. The check was thereupon delivered to plaintiff.
On April 1, 1970 plaintiff deposited the check in his account. On or about April 2,1970 Mr. Robins telephoned defendant bank and requested that it stop payment on the check because a dispute had arisen between himself and plaintiff. (Robins claims that the plans were ‘ ‘ incomplete and inaccurate ’ ’ and that plaintiff’s cost estimate, upon which plaintiff’s fee was to have been based, was incorrectly computed.) The check was ultimately returned by defendant bank, marked “ Payment Stopped.” Plaintiff brings this action against defendant bank for the amount of the check.
Defendant bank contends that it is not liable to plaintiff on the check. The bank argues that it was bound to honor the request of Robins to make a withdrawal from the account, and that it could have honored that request by paying her in cash or by means of a check drawn to her order. As an accommodation to her it drew a check, instead, to plaintiff’s order. Defendant contends that “ The check was drawn from nothing more or less than a regular checking account, which defendant has with a commercial bank. As a regular checking account depositor it is submitted that defendant had an absolute right to .stop payment on its check pursuant to Section 4-403 of the Uniform Commercial Code. ’ ’ Defendant concludes that since it drew the check pursuant to its depositor’s instructions, it was obligated to stop payment thereon pursuant to the further directions of its depositor and, having done so, it should be free from any further liability thereon..
Defendant’s defense lacks merit. It is clear that the check was delivered to plaintiff in payment for services rendered by him to Robins. Robins was not a party to that check and there *409 is, therefore, no recourse against him upon that instrument. Under the circumstances, and since the check was drawn by a bank, plaintiff’s mere acceptance of that check operated as a pro tanto discharge of plaintiff’s claim against Robins (Uniform Commercial Code, § 3-802, subd. [1], par. [a]). To permit defendant bank to avoid liability on this check on account of the stop order by Robins would result in an obvious inequity. Since' plaintiff’s acceptance of the check operates as a pro tanto discharge of Robins’ underlying obligation to him, plaintiff could look to no one for payment for his services. Defendant bank suggests that section 3-802 should not be construed to apply to a situation wherein a dispute concerning the underlying obligation arises after the taking of the check. However, the obligation of a bank on an instrument drawn by it should not be made to turn upon whether or not a dispute subsequently arises between third parties. The court concludes that the stop order by Robins does not operate to relieve defendant bank of its liability on the check drawn by it. Such a holding is required by the express language of section 3-802 and by considerations of sound commercial policy as well (see Malphrus v. Home Sav. Bank, 44 Misc 2d 705).
Defendant further contends that this action is barred by reason of plaintiff having made an “ election of remedies.” It appears that plaintiff has commenced an action to foreclose a mechanic’s lien to satisfy his claim against Robins. However, plaintiff’s attempt to recover from Robins in that action the full amount of his claim will prove futile, since the acceptance by plaintiff of defendant bank’s check for $1,000 operated as a discharge of Robins’ obligation to him to the extent of $1,000. Under the circumstances, the doctrine of election of remedies has no application. As Judge iCardoeo observed in Schenck v. State Line Tel. Co. (238 N. Y. 308, 311): “An election of remedies presupposes a right to elect * * *. If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed. ’ ’
The motion is granted in all respects.