## 47752. FULTON NATIONAL BANK v. DELCO CORPORATION.

ARGUED JANUARY 2, 1973 — DECIDED JANUARY 30, 1973.

*Franco & Levy, Charlie Franco, Daniel C. B. Levy, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, A. G. Cleveland, Jr., Marion H. Allen, III,* for appellant.

*Cotton, Katz & White, J. Timothy White,* for appellee.

DEEN, Judge. ■ The instrument in question is a bank draft and does not operate as an assignment of funds, as does a certified check (Code Ann. §§ 109A-4—303 (1) (a) and 109A-3—411 (1)), certification constituting a legal acceptance or a cashier's check or bank money order, which are considered to be notes carrying unconditional promises to pay. 67 Columbia Law Review, Money Orders & Teller's Checks, pp. 524, 527. The plaintiff, being the named payee, is not a holder in due course. Under Code Ann. § 109A-4-403 any *customer* may by order to his bank stop payment on his check prior to action by the drawee, and specifically under Code Ann. § 109A-4—104 (1) (e) a bank carrying an account with another bank is included as a customer. The defendant bank therefore had a right to stop payment on its check, which would, however, still leave it liable for the value of the item unless some legal and valid defense is available to it.

■ Code Ann. § 109A-3—306 provides: "Unless he has the rights of a holder in due course any person takes the instrument subject to (a) all valid claims to it on the part of any person" but "(d) The claim of any third person to the instrument is not otherwise available as a defense to any party liable thereon unless the third party himself defends the action for such party." The defendant bank has of course no defense against the check, having voluntarily stopped payment on it at Maslia's request and refunded Maslia's money to him, unless Maslia's own defense is both good and available to the bank. Maslia himself cannot defend on the instrument, not being a party to it, but he can, under the above quoted code section, defend in behalf of the bank provided he has a

"valid claim." A "claim" is more than a mere "defense" as indicated by Code Ann. § 109A-3—305. The word descends from the law merchant and indicates certain rights in the instrument on which the suit is based rather than mere reasons why the alleged debtor is not liable for the fund. It is, however, to some extent broader than the concept of legal title to the instrument. Note 2 of the Official Comment to UCC § 3—306 states: " 'All valid claims to it on the part of any person' includes not only claims of legal title, but all liens, equities, or other claims of right against *the instrument or its proceeds*. It includes claims to *rescind a prior negotiation and to recover the instrument or its proceeds.*" (Emphasis supplied.) The affidavit opposing the motion for summary judgment states that the underlying transaction consisted of a prior negotiation which was rescinded; that it was understood during such negotiations that Maslia was at liberty to withdraw at any time before they were concluded and receive a refund of any down payment, and that he has requested the return of the check. Since the bank, being the party opposing the motion for summary judgment, is entitled to all reasonable inferences in its favor, we take this to mean a claim of ownership in the uncashed check as well as ownership of the fund represented by it, and it is therefore such a third-party claim as is available to the defendant bank, the party prima facie liable, since Maslia is himself defending the action on its behalf. The validity of the claim is thus the only real issue in the case; it is controverted, and the bank's ultimate liability must depend upon its outcome. It was accordingly error to grant the motion for summary judgment.

Nothing in *Wright v. Trust Co. of Ga.,* 108 Ga. App. 783 (134 SE2d 457) is contradictory of what is said here. The appellee further cites State of Pa. v. Curtiss Nat. Bank of Miami Springs, Fla., 427 F2d 395, involving a cashier's check and Krom v. Chemical Bank New York Trust Co., 8 UCC Rep. 212, involving a bank money order, both of

which differ from a bank draft, as observed above, because they are considered unconditional promises to pay. This leaves two New York cases, Malphrus v. Home Savings Bank of City of Albany, 44 Misc. 2d 705 (254 NYS2d 980) and Ruskin v. Central Fed. Savings &c. Assn. of Nassau County, 3 UCC Rep. Serv. 150 (N. Y. Sup. Ct., 1966), which reached a conclusion that the bank would be unconditionally liable to the plaintiff and could seek reimbursement in a separate action against the remitter at whose request payment was stopped. These cases are not binding upon us and have been severely criticized in 67 Columbia Law Review p. 524, supra, and denominated erroneous in 71 Columbia Law Review, "Negotiability—Who Needs It?" pp. 375, 388. With all parties before the court, it is obviously the better procedure, where possible, to allow the issues to be tried out here, rather than require a possible second lawsuit by the bank against Maslia and a possible third lawsuit by Maslia against Delco.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*