OPINION OF THE COURT
Richard S. Lane, J.
Motion and cross motion seek summary judgment on the second cause of action herein against defendant Harlem Savings Bank (hereinafter Harlem), on its check for $1,000.
They raise, as apparently a case of first impression, the question of whether a bank may stop payment on its teller’s check payable to the purchaser thereof.
The facts are undisputed.
The check was drawn by Harlem on its account in a commercial bank. The check was made payable to defendant George W. Kearns, the purchaser and remitter thereof. The check was indorsed over to and delivered to plaintiff in satis *1031 faction of the balance due for plaintiff’s work, labor and services on a fur coat belonging to Mr. Kearns’ wife. The check was deposited by plaintiff and returned unpaid and marked "Payment Stopped” by the drawee bank.
If the check were a cashier’s check (a check drawn by the bank upon itself), authority would supply an easy answer. Legally, the check is treated as a note, accepted by the act of issuance, and payment may not be stopped (Uniform Commercial Code, § 3-104, subd [2]; § 3-118, subd [a]; 41 NY Jur, Negotiable Instruments, §§ 17, 22; Dziurak v Chase Manhattan Bank, 44 NY2d 776; Bobick v Second Nat. Bank of Hoboken, 175 App Div 550, affd 224 NY 637; Taboada v Bank of Babylon, 95 Misc 2d 1000; Moon Over the Mountain v Marine Midland Bank, 87 Misc 2d 918). Commercially the explanation is that the bank’s obligation is regarded substantially as the equivalent of money (5A NY Jur, Banks and Trust Companies, §§ 359, 420).
The check here, however, is not a cashier’s check but rather that which is generally designated as a bank or teller’s check. A teller’s check is not recognized by the Uniform Commercial Code as a distinct form of commercial paper (see Note, Personal Money Orders and Teller’s Checks: Mavericks Under the UCC, 67 Col L Rev 524), but again there appears to be clear authority that it is not subject to countermand.
Legally the check represents an executed purchase and sale of credit (International Firearms Co. v Kingston Trust Co., 6 NY2d 406). Subdivision (1) of section 4-403 and section 4-104 (subd [1], par [e]) of the Uniform Commercial Code are not applicable because the remitter is not a party to the check (Meckler v Highland Falls Sav. & Loan Assn., 64 Misc 2d 407; Malphrus v Home Sav. Bank of City of Albany, 44 Misc 2d 705). The check is the bank’s own direct and primary obligation to the holder, and the bank may not resist enforcement of its contract for no purpose of its own but merely to accommodate the remitter (Manhattan Imported Cars v Dime Sav. Bank of N. Y., 70 Misc 2d 889).
Why aren’t the above-cited cases dispositive? The answer is that in all of them plaintiff and holder of the check is the payee, whereas here, the remitter is the payee and plaintiff and holder is merely an indorsee.
The distinction has enormous pragmatic and legal consequences. Legally, acceptance of the check in payment does not discharge the holder’s rights against the remitter on the *1032 underlying obligation as would be the result if the check were payable to the holder (Uniform Commercial Code, § 3-802, subd [1], par [a]; Meckler v Highland Falls Sav. & Loan Assn., supra, pp 408-409; Malphrus v Home Sav. Bank of City of Albany, supra, p 707). Furthermore, the perhaps flimsy makeweight rationale for denying the effect of subdivision (1) of section 4-403 and section 4-104 (subd [1], par [e]) of the Uniform Commercial Code is no longer applicable (see White and Summers, Uniform Commercial Code, pp 578-580; Note, Personal Money Orders and Teller’s Checks: Mavericks Under the UCC, 67 Col L Rev, 524, 542-543). Commercially the holder is no longer receiving the bank’s direct contractual obligation to it mitigating the cash equivalency argument, and furthermore that argument is now counterbalanced by the remitter’s natural inclination to think of the check as his subject to his right to stop payment if something goes awry on the underlying transaction.
Accordingly, I hold that the drawee commercial bank here had the right, indeed even the obligation, to stop payment on the order of Harlem. However, I still will not grant Harlem’s motion for summary judgment because Harlem may still be liable on the check pursuant to section 3-413 of the Uniform Commercial Code. That issue is not ripe for resolution since it was not briefed nor even presented in the papers.
Motion and cross motion are denied without prejudice to renewal.