## 64500. INTERNATIONAL FURNITURE DISTRIBUTORS, INC. v. FIRST GEORGIA BANK.

POPE, Judge.

On May 14, 1981 Office Furniture Outlet issued to appellant International Furniture Distributors, Inc. a $1,000 check from its checking account with appellee First Georgia Bank. International Furniture then presented this check to the Bank and received in exchange a cashier's check for $1,000.00. International Furniture was charged a $2.50 fee to process the cashier's check. After the Bank had issued the cashier's check, it was discovered that three days prior to its issuance Office Furniture Outlet had stopped payment on its $1,000.00 check to International Furniture. Through error the Bank had not noted this stop payment order, but after discovering the order the Bank proceeded to stop payment on its cashier's check. As a result, when International Furniture presented this check for payment, it was dishonored. Suit was then filed by International Furniture alleging that the Bank was liable to it on the cashier's check. Motions for summary judgment were filed by both parties, and the trial court subsequently granted the Bank's motion. International Furniture now brings this appeal.

The Bank's defense to International Furniture's suit was that it received no consideration for the cashier's check. International Furniture alleged that the $2.50 processing fee was sufficient consideration. The record discloses no evidence that the parties agreed that $2.50 was to be consideration for the Bank's issuing the cashier's check. Rather, the $2.50 charge was clearly a processing fee only. Consideration for the $1,000.00 cashier's check was the $1,000.00 check issued by Office Furniture Outlet. Once payment was properly stopped on this check, there was no consideration for the cashier's check. "The general view is that where the instrument (be it a check, bill of exchange, note, or whatever) is in the hands of the original payee, where no holder in due course is involved, where the

payee has not suffered any detriment or changed his position because of reliance on the instrument, the bank may properly defend itself on the basis of mistake and want of consideration. . . . Since it has no right to charge the account of its depositor a complete failure of consideration for the cashier's check results. [Cits.] And this is true even though the original mistake was due to the negligence or laches of the bank. [Cit.] If it should be argued that the issuance of the [cashier's] check in exchange for the original check was such a 'bankers check' or bank draft as to be the equivalent of money or payment the situation remains unchanged, because if the defendant had actually paid the money it might still recover it back on proof of mistake and want of consideration. 'When a bank receives the funds of its depositors it becomes the debtor of such depositors and its primary duty as such is to pay such funds out only on the order of the depositors . . . If it pays funds on any other order it pays its own funds and where it shows that such payment was made through a mistake . . . it is entitled to recover such payment in an action for money had and received' provided that no estoppel is involved and no right is prejudiced." *Wright v. Trust Co. of Ga.,* 108 Ga. App. 783, 788-9 (134 SE2d 457) (1963). Cf. *Fulton Nat. Bank v. Delco Corp.,* 128 Ga. App. 16 (2) (195 SE2d 455) (1973); Banco Ganadero y Agricola, S. A. v. Society Nat. Bank of Cleveland, 418 F Supp. 520 (II) (N. D. Ohio 1976).

International Furniture also argues that under the Uniform Commercial Code, Code Ann. §§ 109A-3—410 through 109A-3—418, the Bank is liable for its cashier's check. However, nothing in these sections makes the Bank liable. In point of fact, Code Ann. § 109A-3—408 holds exactly the opposite, i.e., "want or failure of consideration is a defense as against any person not having the rights of a holder in due course. . . ." Since there was a failure of consideration in the case at bar and International Furniture did not allege or offer proof of estoppel or that it was a holder in due course, the trial court did not err in granting summary judgment to the Bank.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 16, 1982 —
REHEARING DENIED OCTOBER 6, 1982 —

*Glenville Haldi,* for appellant.
*Nancy O. Ewing, Herbert D. Shellhouse,* for appellee.