OPINION OF THE COURT
Seymour Schwartz, J.
Plaintiff, the Bank of New York (BONY), moves pursuant to CPLR 3212 for summary judgment against defendants the Greater New York Savings Bank (GNYSB) and Robert Welz. GNYSB cross-moves pursuant to CPLR 3212 for summary judgment against BONY or in the alternative for summary judgment against third-party defendant Anne Welz.
The facts are undisputed. On April 23, 1981, Anne Welz purchased a teller’s check from GNYSB drawn to BONY. The check was drawn on GNYSB’s account with Manufacturer’s Hanover Trust (MHT). Anne Welz tendered $1,900 *646 to GNYSB but through GNYSB’s error she received a teller’s check in the amount of $19,000. Ms. Welz delivered the teller’s check to her husband, defendant Robert Welz, who on April 24 brought it to BONY to purchase shares of Dreyfus Liquid Assets. Because BONY was the named payee on the teller’s check, it was not necessary for Mr. or Ms. Welz to indorse it.
On April 24 GNYSB recognized its error and issued a stop payment order to its drawee bank MHT. BONY did not send the check to MHT for collection until May 26. In the interim BONY allowed Mr. Welz to redeem his Dreyfus Liquid Assets shares purchased with the $19,000 check. Mr. Welz also received additional funds of $9,966.16 from BONY to which he was not entitled.
BONY and GNYSB argue that as between themselves, the other is liable for the loss.
BONY contends that New York does not permit a teller’s check to be stopped by a drawer bank.
GNYSB contends that the loss was caused by BONY waiting more than one month before presenting the check to MHT, the drawee bank. GNYSB also contends that BONY permitted Mr. Welz to redeem his Dreyfus shares seven days after it received the check in violation of the understanding with Dreyfus permitting redemption only after 15 days from its receipt.
If GNYSB is not entitled to stop payment, BONY’s delay in presenting the check and its rapid redemption of Robert Welz’ Dreyfus shares would not relieve GNYSB from liability to BONY. Therefore, the court will first address the question whether a teller’s check may be stopped in these circumstances.
Subdivision (1) of section 4-403 of the Uniform Commercial Code provides that “[a] customer may by order to his bank stop payment of any item payable for his account”.
As defined in section 4-104 (subd [1], par [e]) of the Uniform Commercial Code “ ‘Customer’ * * * includes a bank carrying an account with another bank”. Here, GNYSB carried an account with MHT and is therefore entitled to stop payment on teller’s checks.
*647 The code distinguishes between teller’s checks (drawn by a bank on an account carried with another bank) and cashier’s checks (drawn by a bank where the bank is both drawer and drawee). A cashier’s check is accepted in advance by the act of issuance (Taboada v Bank of Babylon, 95 Misc 2d 1000), and once a check is accepted, which occurs when a bank issues a cashier’s or certified check, it cannot stop payment even on its customer’s order (supra).
While the code allows a teller’s check to be stopped, New York courts nevertheless have frequently imposed liability on the drawer bank where it has stopped payment. (See, e.g., Meckler v Highland Falls Sav. & Loan Assn., 64 Misc 2d 407; Malphrus v Home Sav. Bank of City of Albany, 44 Misc 2d 705.) In those cases, the courts dealt with the effect of section 3-802 (subd [1], par [a]) of the Uniform Commercial Code which provides that an “obligation is pro tanto discharged if a bank is drawer * * * and there is no recourse on the instrument against the underlying obligor”. Thus, where a party accepts a check where the bank is the drawer (a teller’s check), the party (the underlying obligor) giving it in payment is discharged if he does not indorse the teller’s check.
The effect of subdivision (1) of section 3-802 is that when Mr. Welz gave BONY the teller’s check he became discharged on the underlying obligation to pay for the Dreyfus Liquid Assets. Thus, as payee, BONY’s only remaining recourse is against GNYSB which stopped payment.
In Malphrus (supra, p 707) the court was concerned with this result and limited a bank’s right to stop a teller’s check to cases “where the bank issuing the teller’s check is an actual party to a transaction.” Here GNYSB is not a party to the Dreyfus transaction.
A teller’s check may also be stopped where it is indorsed to a third party who sues on the instrument. (Fur Funtastic v Kearns, 104 Misc 2d 1030.) There the teller’s check was made payable to the purchaser of the check, who indorsed it to the plaintiff as payment for services. Unlike the instant case and Malphrus (supra), the teller’s check in Fur Funtastic did not discharge the underlying obligation because the purchaser of the check, the underlying obligor, *648 was an indorser and so there was recourse on the instrument against him, making subdivision (1) of section 3-802 inapplicable.
Limiting a bank’s right to stop payment on a teller’s check to instances where the payee is a party to the transaction with the bank, or where the payee indorses the check to a third party is unnecessary. (See Note, Personal money orders & teller’s checks: mavericks under the UCC, 67 Col L Rev. 524, 542.) A payee such as BONY has a cause of action against the drawer (GNYSB) on the instrument even if the drawer stops payment. (Uniform Commercial Code, § 3-413.) Moreover, a payee who has not dealt directly with the drawer may take the instrument as a holder in due course free from all defenses of any party to the instrument with whom the holder has not dealt with certain exceptions not relevant here. (Uniform Commercial Code, § 3-305.)
In other words, the code permits stop payment of a teller’s check but the stop payment does not automatically preclude recovery on the instrument. Defenses may be raised by the indorser where an instrument is indorsed to a third party. Where the payee is a party to the transaction, defenses may be raised to recover on the instrument against the drawer. But where the payee is the holder in due course a stop payment does not permit defenses to be raised because such a payee has exchanged the underlying obligation for the instrument and must be protected.
GNYSB argues that BONY is not a holder in due course because of its failure to present the instrument for payment for more than a month after it was received. The argument lacks merit. Section 3-302 (subd [1], par [b]) of the Uniform Commercial Code provides that good faith requires honesty only. It does not require the exercise of due care. (Industrial Nat. Bank of R. I. v Leo's Used Car Exch., 362 Mass 797.)
None of the defenses available against a holder in due course (Uniform Commercial Code, § 3-305) are applicable here. Therefore, summary judgment is granted to BONY against GNYSB. Robert Welz is discharged from his obligation to pay BONY the amount of the teller’s check. *649 BONY is granted summary judgment on default against Robert Welz in the amount of $9,966.16.
GNYSB’s cross motion for summary judgment against BONY is denied. Its alternative motion for summary judgment against Anne Welz is granted on default in the amount of $17,100.