OPINION OF THE COURT

Per Curiam.

Order entered May 3, 1982 modified by granting plaintiff’s motion for summary judgment on the second cause of action and, as modified, affirmed, with $10 costs to the appellant.
The facts are not in dispute. At issue is a bank check drawn by defendant Harlem Savings Bank on its account in a commercial bank. The check, in the amount of $1,000, was made payable to codefendant Kearns, the purchaser thereof, and indorsed over to plaintiff in satisfaction of services rendered to Kearns by plaintiff. Thereafter, the instrument was deposited by plaintiff and returned by the *795 drawee commercial bank marked “payment stopped”. In this ensuing action, respective motions for summary judgment by plaintiff and the bank as respects the cause of action pleaded against the bank were both denied. Special Term’s opinion declared that the bank had the right to stop payment, and that its liability as drawer (see Uniform Commercial Code, § 3-413, subd [2]) was subject to whatever defenses Kearns could raise against plaintiff holder.
We agree with the court below to the extent that the drawer of a bank check is qualified to issue a stop order, as an accommodation to a customer — although it is certainly not obligated to do so. Under such circumstances, however, the bank which drew the check is liable in an action on the instrument, the underlying obligation having been discharged when the check was accepted by plaintiff (Uniform Commercial Code, § 3-802, subd [1], par [a]; Meckler v Highland Falls Sav. & Loan Assn., 64 Misc 2d 407). And in such an action, we think the preferable rule is that the bank not be permitted to raise contract defenses available to its customer (White & Summers, Uniform Commercial Code, § 17-5, pp 680-683, particularly n 113, p 682; Meckler v Highland Falls Sav. & Loan Assn., supra; Manhattan Imported Cars v Dime Sav. Bank, 70 Misc 2d 889). This approach preserves the function of bank checks as cash equivalent items, inasmuch as banks will presumably be disinclined to stop payment if they are precluded from raising their customers’ defenses or warranty claims in subsequent litigation with the holder.
Dudley, P. J., Hughes and Parness, JJ., concur.