OPINION OF THE COURT
Memorandum.
Judgment affirmed, with $25 costs.
It has been consistently held that teller’s checks are the equivalent of cash (Savemart, Inc. v Bowery Sav. Bank, 111 Misc 2d 947; Fur Funtastic v Kearns, 120 Misc 2d 794) and a bank is thus burdened with the duty of protecting innocent third parties by safeguarding said checks (Savemart, Inc. v Bowery Sav. Bank, supra). Consequently, we are of the opinion that the degree of care exercised by the bank should be the same as that employed in safeguarding its cash. A review of the record reveals that the bank failed to live up to this standard since no effective measures were used to deter the *1097 theft of the blank checks. Although the bank took steps at the end of each day to see if any blank checks were missing and to place stop payment orders on such checks, this inured only to the benefit of the bank and not to innocent third parties.
We conclude that the failure of the bank to institute proper security measures substantially contributed to the theft and subsequent unauthorized signatures on the check in question. The defendant bank is therefore precluded from denying the authenticity of the instrument (see, Uniform Commercial Code § 3-406).
Pino, P. J., and Jones, J., concur; Kunzeman, J., taking no part.