■ CLING CORP., Respondent, v RIDGEWOOD SAVINGS BANK, Appellant.—In an action based upon an instrument for the payment of money only, the defendant appeals from a judgment of the Supreme Court, Nassau County (Becker, J.) entered July 24, 1986, which granted the plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint.

Ordered that the judgment is reversed, on the law, with costs, and the plaintiff's motion for summary judgment in lieu of complaint is denied.

The defendant bank had a right to stop payment on the teller's check payable to the order of the plaintiff (see, UCC 4-403 [1]; 4-104 [1] [e]), but the stop payment order does not automatically preclude recovery on the check (see, Bank of N. Y. v Welz, 118 Misc 2d 645, 648). However, the plaintiff's motion for summary judgment in lieu of complaint should not have been granted because there are triable issues of fact which are exclusively within the knowledge of the plaintiff, and the defendant should be given an opportunity to conduct discovery (see, Crocker-Citizens Natl. Bank v L.N. Mag. Distribs., 26 AD2d 667). Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.