### 1505

SPECIALTY FLOORING COMPANY, INC., Appellant v. PALMETTO FEDERAL SAVINGS BANK OF SOUTH CAROLINA, Respondent.

(394 S.E. (2d) 18)

Court of Appeals

*Herbert W. Hamilton, Whaley, McCutchen, Blanton & Rhodes*, Columbia, *for appellant.*

*V. Jean Burkins*, of *Rogers, Thomas, Cleveland, Koon, Waters & Tally;* and *Stephen A. Husman*, of *Finkel, Georgaklis, Goldberg & Sheftman*, Columbia, *for respondent.*

Heard April 11, 1990.

Decided May 29, 1990.

SHAW, Judge:

Appellant, Specialty Flooring Company, Inc., sued respondent, Palmetto Federal Savings Bank of South Carolina, for wrongful dishonor of a check and breach of contract. The trial judge granted the bank's motion for summary judgment on both claims. Specialty appeals. We affirm.

On March 6, 1987, John Wingo, president and owner of Specialty, deposited a check in the amount of $67,371.32 at Palmetto where both Specialty and U.S.A. Construction Company, Inc., the drawer of the check, maintained accounts. The check was made payable to Specialty and was drawn on U.S.A.'s account with Palmetto.

According to the affidavit of Richard Jolly, a managing officer of U.S.A., on Monday, March 9, 1987, at no later than 8:30 a.m. and prior to the bank opening for business, Jolly informed Wingo that Specialty's work under their subcontract was unacceptable and advised that U.S.A. was going to stop payment on the $67,371.32 check. Thereafter, that same morning, Wingo went to Palmetto and requested a cashier's check for $70,000. Palmetto issued a bank check in that amount drawn on its account with Citibank in exchange for which Wingo tendered a $70,000 check written on Specialty's account with Palmetto.

Shortly thereafter on March 9, 1987, U.S.A. issued a stop payment order to Palmetto to stop payment on the $67,371.32 check U.S.A. had issued to Specialty. On March 12, 1987, the clearing house notified Palmetto that payment had been stopped on the check issued by U.S.A. to Specialty. On March 13, 1987, Palmetto revoked the provisional credit given to Specialty's account and charged back the $67,371.32. Palmetto stopped payment on the $70,000 bank check it had issued to Specialty, as Specialty's account lacked funds sufficient to cover the $70,000 check it issued to Palmetto in exchange for the bank check.

Specialty sued Palmetto for wrongful dishonor and breach of contract as drawer of the bank check. The trial judge granted Palmetto's motion for summary judgment finding Palmetto had a legal right to stop payment on the bank check and that Palmetto did not breach its contract as drawer of the check.

Specialty first contends the trial judge erred in concluding Palmetto was entitled to stop payment on the bank check. We disagree. S.C. Code Ann. § 36-4-403(1) provides, in part, "[a] customer may by order to his bank stop payment of any item payable for his account. . . ." The definitional section, S.C. Code Ann. § 36-4-104(1)(e) defines "customer" as "any person having an account with a bank or for whom a bank has agreed to collect items and *includes a bank carrying an account with another bank.*" (emphasis added).

Specialty argues that the check issued by Palmetto should be considered a cashier's check which generally cannot be countermanded. Where a bank is both the drawer and drawee of a cashier's check, the check is the pri-

mary obligation of the bank and the bank promises to pay a sum which cannot be countermanded. *Bankers Trust of South Carolina v. South Carolina National Bank of Charleston,* 284 S.C. 328, 325 S.E. (2d) 81 (Ct. App. 1985). Generally, a bank is not entitled to stop payment or countermand a check drawn upon itself. However, if the bank draws a check upon a different bank, the bank generally has the right to stop payment. *Fulton National Bank v. Delco Corporation,* 128 Ga. App. 16, 195 S.E. (2d) 455 (1973); White and Summers, *Uniform Commercial Code* (2d), § 17-5 (1980).

In the case at hand, the check issued by Palmetto was drawn upon its account with another bank. Therefore, Palmetto was entitled to stop payment on the check. While Specialty contends that Palmetto should be estopped from denying the bank check is a cashier's check since Specialty requested a cashier's check, the issue appears to have been raised for the first time on appeal. The record before us contains no transcript on the summary judgment hearing and the trial judge's order makes no mention of the issue of estoppel. *See Windham v. Honeycutt,* 290 S.C. 60, 348 S.E. (2d) 185 (Ct. App. 1986) (the burden is on the appellant to furnish an adequate record for review). Further, there is no indication Specialty made a motion under Rule 59(e) S.C.R.C.P. requesting the trial judge alter or amend his judgment to consider the issue of estoppel. *See Talley v. S.C. Higher Education Tuition Grants Committee,* 289 S.C. 483, 347 S.E. (2d) 99 (1986). We therefore find the issue is not properly before us.

Specialty further contends the trial judge erred in failing to find Palmetto breached its contract as drawer of the check. We disagree. The drawer of a check generally has the right to stop payment on the check, but remains liable on the instrument to a holder in due course. *First American Bank of Va. v. Litchfield Company of S.C.,* 291 S.C. 240, 353 S.E. (2d) 143 (Ct. App. 1987); S.C. Code Ann. §§ 36-3-305, 36-3-413(2) and § 36-4-403 & Official Comment 8. The question thus becomes whether Specialty is a holder in due course of the bank check. We agree with the trial judge that Specialty does not meet the criteria of a holder in due course and therefore takes the instrument subject to the defense of want or failure of consideration as provided by S.C. Code Ann. § 36-3-306(c).

Under S.C. Code Ann. § 36-3-302,
(1) A holder in due course is a holder who takes the instrument
(a) for value; and
(b) in good faith; and
(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

The purchaser has notice of a claim or defense if the purchaser has notice that the obligation of any party is voidable in whole or in part. S.C. Code Ann. § 36-3-304(1)(b). A person has notice of a fact when he has actual knowledge or notice or, from all the facts and circumstances known to him at the time in question, he has reason to know that it exists. S.C. Code Ann. § 36-1-201(25). "Good faith" means honesty in fact in the conduct or transaction concerned. S.C. Code Ann. § 36-1-201(19).

Given the uncontroverted fact that Specialty requested the instrument from Palmetto with the knowledge that U.S.A. intended to stop payment on its check leaving an inadequate balance in its account to cover the check issued in consideration of the bank check, we find the trial judge properly concluded Specialty was not a holder in due course of the bank check. It thus took the instrument subject to the defense of failure of consideration and Palmetto thus is not liable on the instrument.

We find no evidence to support Specialty's contention that U.S.A.'s stop payment order came too late and therefore affirm under S.C. Code Ann. § 14-8-250 (Supp. 1989).

Affirmed.

GARDNER and GOOLSBY, JJ., concur.