■ SALVATORE LO MONACO, Respondent, v TERESA BELFIORE et al., Defendants, and DOLLAR DRY DOCK SAVINGS BANK, Appellant.—Judgment of the Supreme Court, Bronx County (Anita Florio, J.), which granted plaintiff's motion for summary judgment against defendant Dollar Dry Dock Savings Bank ("Dollar"), unanimously reversed, on the law, the motion denied, without costs, and Supreme Court directed to issue an order directing defendant Dollar to hold the disputed funds as a stakeholder (CPLR 1006).

Defendant Teresa Belfiore gave plaintiff Salvatore Lo Monaco a power of attorney, pursuant to which Lo Monaco withdrew $20,000 from her savings account with defendant Dollar on December 5, 1988. Lo Monaco alleges the withdrawal was in repayment of a loan. Teresa Belfiore charges that the withdrawal was procured by fraud. In any event, Dollar issued to Lo Monaco a teller's check, drawn on its account with the Federal Home Loan Bank of New York. After depositing the check in his account at the Bank of New York, Lo Monaco was notified that payment had been stopped.

The issue raised upon this appeal is whether Dollar was authorized to stop payment or whether, as plaintiff maintains and Supreme Court held, issuance of the check by Dollar amounted to an acceptance which rendered any purported stop payment order ineffectual.

The cases relied upon by Supreme Court concern cashier's checks, that is, checks drawn by a bank on funds it maintains at one of its *own* branches. As the Court of Appeals stated the

rule: "A cashier's check is the primary obligation of the issuing bank which, acting as both drawer and drawee, accepts the check upon its issuance" *(Dziurak v Chase Manhattan Bank,* 44 NY2d 776, 777; UCC 3-410 [1]; *see also, Banco Di Roma v Merchants Bank,* 92 AD2d 42). Therefore, a cashier's check is not an item payable for a customer's account within the contemplation of UCC 4-403 (1). A teller's check, by contrast, is drawn by a bank against funds it maintains at *another* bank as a customer (UCC 4-104 [1] [e]) and, in that capacity, the drawer bank "may by order * * * stop payment of any item payable for [its] account" (UCC 4-403 [1]; *Cling Corp. v Ridgewood Sav. Bank,* 133 AD2d 662).

Supreme Court clearly misapprehended the nature of the instrument at issue. Dollar, as the customer of the Federal Home Loan Bank at which it maintained an account, had the authority to stop payment on the teller's check drawn on that account. Moreover, in its papers in opposition to the summary judgment motion, Dollar requested that "an order be issued directing Dollar Dry Dock to retain the monies until the issues between the parties hereto are finally determined." Given the conflicting claims of Lo Monaco and Belfiore, such an order is appropriate in order to avoid exposing Dollar to multiple liability (CPLR 1006 [a]). Concur—Sullivan, J. P., Carro, Wallach and Rubin JJ.