**FIRST NATIONAL BANK OF NOCONA,**
Plaintiff–Appellee,

v.

**DUNCAN SAVINGS AND LOAN ASSOCIATION, Defendant–Appellant.**

No. 87–1472.

United States Court of Appeals,
Tenth Circuit.

Feb. 20, 1992.

Donald H. Horn of Ferguson, Horn, Lawson & Heck, Chickasha, Okl., for defendant-appellant.

Grey W. Satterfield of Kornfeld, Franklin & Phillips, Oklahoma City, Okl., for plaintiff-appellee.

Before HOLLOWAY, SETH and SEYMOUR, Circuit Judges.

HOLLOWAY, Circuit Judge.

This is a diversity action brought by the plaintiff-appellee, First National Bank of Nocona (Nocona), against the defendant-appellant, Duncan Savings and Loan Association (Duncan) on a money order. On consideration of cross motions for summary judgment, the district court granted the motion of Nocona and denied that of Duncan and entered judgment thereon with interest, attorney fees and costs. The court's opinion is reported, *First National Bank of Nocona v. Duncan Savings and Loan Association*, 656 F.Supp. 358 (W.D.Okla.1987). This appeal by Duncan followed. We are persuaded by the thorough opinion of the district judge, and affirm. Due to the comprehensive treatment by the district court, we will only briefly discuss the factual background and the dispositive authorities, affirming for the reasons detailed in the opinion of the district judge.

The diversity action was brought on a money order in the amount of $24,190 issued by defendant Duncan for the benefit of "Sender," McAffrey Funeral Home, and payable to the order of plaintiff Nocona.

The money order was given to Nocona to be applied on indebtedness of McAffrey to Penn Square Bank, later operated by the FDIC. It was understood by a separate letter agreement that the note covering the indebtedness would be "reverse-participated" between the FDIC and defendant Nocona within a few days, and the balance due on the note was agreed to be paid by McAffrey Funeral Home by two subsequent payments. *See* Plaintiff's Ex. 11, Addendum to Appellant's First Brief.[1]

Prior to Nocona's presentment of the money order to the drawee, Federal Home Loan Bank of Topeka, Duncan issued a stop payment order on the money order, which was honored by the Federal Home Loan Bank. This suit therefore was brought on the money order by Nocona, which alleged it was legal owner and holder of the money order.

The first amended answer of defendant Duncan denied liability for payment on the money order, asserting as affirmative defenses failure of consideration and estoppel to present the money order for payment based on plaintiff Nocona's participation in a loan to McAffrey Funeral Home, because the FDIC allegedly had been determined to be the owner and holder of the note representing the underlying loan in a prior action.

It was undisputed that Penn Square Bank had made a loan to McAffrey Funeral Home, represented by the note making Penn Square Bank payee. It was further undisputed that plaintiff Nocona and Penn Square Bank entered into a participation agreement concerning the note. After Penn Square Bank was declared insolvent, the FDIC as its receiver sought to transfer the loan which was the subject of the participation agreement to plaintiff Nocona by

1. It is undisputed that the reverse participation agreement was never executed. And it is undisputed that in September 1983 a judgment was entered in favor of the FDIC as receiver for Penn Square Bank for all sums due on the note, which is the subject of the plaintiff Nocona's participation agreement.

It was pointed out to the district judge at the summary judgment hearing that plaintiff Nocona had had a 71% participatory interest in the note to the Penn Square Bank and that Nocona later had a 71% interest in the judgment obtained on the note. Further, Nocona noted that the record shows that the FDIC is satisfied with Nocona's efforts in this action to collect the amount sought, and that Nocona has FDIC permission to go forward. II R. 3, 16.

means of a "reverse participation agreement."

As the district judge noted, the communications between representatives of the maker of the note, McAffrey Funeral Home, the FDIC and plaintiff Nocona are not entirely clear from the record. Nevertheless, it was clear that on February 23, 1983, plaintiff Nocona and McAffrey Funeral Home made a letter agreement, signed by their presidents. The letter, Plaintiff's Ex. 11, is reproduced in full in the district court's opinion, 656 F.Supp. at 360. It acknowledges that Nocona had received the money order for $24,190, which amount was to be applied to McAffrey's indebtedness to Penn Square Bank on the note; that it was understood the note would be reverse-participated between the FDIC and Nocona within the next few days; and that the balance due on the note would be paid by two further payments in March and June 1983. As noted earlier, *see* note 1 *supra,* the reverse participation agreement was not executed.

As the district court's opinion shows, 656 F.Supp. at 365, its holding of liability of defendant Duncan to plaintiff Nocona was based on Duncan's liability as drawer of the money order and the fact that it remained liable to the payee, plaintiff Nocona, unless some valid defense was interposed. *Fulton National Bank v. Delco Corporation,* 128 Ga.App. 16, 195 S.E.2d 455, 456–457 (1973). The court found it unnecessary to ascertain whether Nocona was a holder in due course or a mere holder, due to the nature of the defenses asserted by Duncan—those of the remitter McAffrey. The court held that Nocona was entitled to recover from Duncan unless Duncan could assert the defenses of its customer, the remitter McAffrey Funeral Home.

The district judge viewed the issue as one of *jus tertii.* He stated that the U.C.C. is very clear on the issue; the only defenses or claims of third parties that an obligor on the instrument may set up are that the holder or one through whom he holds the instrument acquired it by theft, or that payment to such holder would be

inconsistent with the terms of a restrictive endorsement. Okla.Stat. tit. 12A, § 3–306(d). Moreover, the district court cited the Code Comments on the Uniform Commercial Code and that of Oklahoma, stating in part that the "... *defenses of another cannot be established unless that person himself defends the action,* except that theft of the instrument or that payment would be inconsistent with a restrictive endorsement may be established. Oklahoma Code Comment, paragraph (d), (emphasis added)." 656 F.Supp. at 366.

■ The court held that the defenses of failure of consideration, failure or breach of a condition precedent, payment and/or collateral estoppel or claim preclusion of the remitter, McAffrey Funeral Home, may not be asserted by defendant Duncan, even assuming that plaintiff Nocona does not qualify as a holder in due course. *Id.*

On this appeal, defendant Duncan argues, *inter alia,* that the summary judgment rulings were in error and that Duncan can assert the defenses claimed against Nocona, the holder of the instrument. As to this issue we reject the contention of Duncan in view of the reasons given by the district judge and discussed above, and the authorities he cited, *id.* at 366, including *Fur Funtastic, Ltd. v. Kearns,* 120 Misc.2d 794, 467 N.Y.S.2d 499, 500 (N.Y.Sup.1983), and the Oklahoma Code Comment on Okla.Stat. tit. 12A, § 3–306.

■ Further, defendant Duncan argues that the district court erred in denying its motion under Rule 14 Fed.R.Civ.P., to add McAffrey Funeral Home as a third party defendant. The district judge denied the motion to bring in the third party defendant, finding that the defendant Duncan had not been timely in its request and that plaintiff Nocona should not be prejudiced by that delay.

We hold that there was no abuse of discretion in the denial of the motion. The granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court. *Farmers and Merchants Mutual Fire Insurance Co. v. Pulliam,* 481 F.2d 670, 673 (10th Cir.1973). The complaint

had been filed on July 26, 1985. The original answer of Duncan was filed on November 1, 1985. The case had been pretried in December 1985 and was set for trial in March 1986. The plaintiff's motion for summary judgment had been filed on February 19, 1986, and then on February 28, 1986, the defendant Duncan's motion to bring in the third party, McAffrey Funeral Home, was filed. On March 11, 1986, a first amended answer of Duncan was permitted to be filed, but the court that day denied leave to bring in McAffrey as untimely. After briefing, a hearing was held in January 1987 on the summary judgment motions and the court's order thereon which is appealed was entered on March 4, 1987. In these circumstances, we cannot find an abuse of discretion by the ruling of the district court.

The remaining issues are not substantial and require no further discussion. We are satisfied that no error has been demonstrated, and the judgment is

AFFIRMED.