DEPPOLITI'S NORTHEAST AUCTION CENTER INC., Respondent, v BINGHAMTON SAVINGS BANK, Appellant.

Third Department, June 11, 1992

**APPEARANCES OF COUNSEL**

*Hinman, Howard & Kattell (James M. Hayes* of counsel), for appellant.

*Bond, Schoeneck & King (Francis E. Maloney, Jr.,* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

A customer of defendant purchased a piece of machinery at an auction conducted by plaintiff and issued a check payable to plaintiff in the amount of the purchase price, drawn on defendant. Plaintiff allegedly agreed not to cash the check until the machinery was delivered to defendant's customer and determined to be in good working order. When plaintiff presented the check to defendant several days later, the customer ordered defendant to stop payment on the check. Instead, defendant returned the check to plaintiff marked "Insufficient Funds".

Shortly thereafter, defendant's customer received the machinery and notified plaintiff that it was not operational. Two days later plaintiff presented the customer's check at a different branch of defendant, which accepted the check and, at plaintiff's request, defendant issued its own check, drawn on another bank, payable to plaintiff in the same amount as the customer's check. After discussing the matter with its customer, defendant requested a stop payment order on its check, which was issued by the drawee bank, and plaintiff commenced this action against defendant on the check.

As a customer of the bank on which its check was drawn (UCC 4-104 [1] [e]), defendant had the right to order the drawee bank to stop payment on the check (UCC 4-403 [1]), but the stop payment order does not automatically preclude recovery on the check *(see, Cling Corp. v Ridgewood Sav. Bank,* 133 AD2d 662). Pursuant to UCC 3-413 (2), defendant, as drawer, is liable to the holder for the amount of the check, and plaintiff is clearly a holder *(see,* UCC 1-201 [20]). The question, therefore, is whether there are triable issues of fact which require the denial of plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 *(see, Cling Corp. v Ridgewood Sav. Bank, supra).*

The defenses asserted by defendant are directly related to the underlying transaction between plaintiff and defendant's customer. Without disputing the existence of factual issues concerning the rights and liabilities of the parties to the

underlying transaction, plaintiff contends that in this action against defendant on its check defendant is not permitted to raise contract defenses available to its customer *(see, Fur Funtastic v Kearns,* 120 Misc 2d 794, 795; *see also,* 1 White and Summers, Uniform Commercial Code § 18-5, at 908 [3d ed]). Pursuant to UCC 4-407 (c), however, when a payor bank pays an item over a stop payment order, that bank is subrogated to the rights of the drawer against the payee with respect to the transaction out of which the item arose to prevent unjust enrichment, but only to the extent necessary to prevent loss to the bank by reason of the payment.

Here, defendant is a payor bank (UCC 4-105 [b]) and its check was issued to plaintiff in payment of its customer's check. There is evidence in the record that several days before defendant accepted its customer's check the customer had given a valid stop payment order to defendant *(see,* UCC 4-403), which would make defendant's payment improper and trigger defendant's subrogation rights against plaintiff, as payee of its customer's check *(see,* UCC 4-407). We are of the view that defendant's own stop payment order to the drawee bank, which honored defendant's order and refused to pay the item, does not affect defendant's subrogation rights under UCC 4-407. Plaintiff clearly accepted defendant's check as payment of the customer's check which plaintiff presented to defendant, and defendant, as drawer of the check, remains liable to plaintiff, as holder of the check *(see,* UCC 3-413 [2]). In these circumstances, we are of the view that defendant's check should be construed as payment of its customer's check, which was subject to the customer's stop payment order, so as to trigger defendant's subrogation rights under UCC 4-407 *(see,* UCC 1-106 [1]). Defendant, therefore, can assert the contract defenses available to its customer as the result of the underlying transaction out of which the customer's check arose if, in fact, there was a valid stop payment order on the customer's check when defendant paid the customer's check by issuing its own check to plaintiff. Accordingly, there are factual issues which require denial of plaintiff's motion.

WEISS, P. J., MIKOLL, LEVINE and MERCURE, JJ., concur.

Ordered that the order and judgments are reversed, on the law, with costs, and motion denied.