795 So.2d 161 (2001)
JTM, INC., etc., Appellant,
v.
TOTALBANK, etc., Appellee.
No. 3D01-10.
District Court of Appeal of Florida, Third District.
September 5, 2001.
Clarification Denied October 5, 2001.
Paul Joseph McMahon, Fort Pierce, for appellant.
Astigarraga Davis Mullins & Grossman, P.A., and Edward H. Davis, Edward M. Mullins and Lydia C. Quesada, Miami, for appellee.
Before JORGENSON, GODERICH, and SHEVIN, JJ.
JORGENSON, Judge.
JTM, Inc., the plaintiff below, appeals from an order dismissing its claim for wrongful dishonor of a cashier's check. We affirm.
*162 JTM purchased a $90,000 cashier's check from Totalbank with a personal check from JTM's commercial checking account at Totalbank. The cashier's check was made payable to JTM's supplier and source of credit, Future Tech. After discovering that a check deposited in Totalbank's account to cover the amount of the cashier's check had not cleared, Totalbank, with JTM's authorization, stopped payment on the cashier's check presented by Future Tech. Future Tech then terminated JTM's line of credit. JTM sued Totalbank alleging wrongful dishonor in count II. The trial court dismissed the wrongful dishonor count because "Plaintiff admittedly signed an authorization to stop-payment of the cashier's check." This appeal follows.
We affirm, but not for the reason given by the trial court. See Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) ("In some circumstances, even though a trial court's ruling is based on improper reasoning, the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling."); see also Carraway v. Armour & Co., 156 So.2d 494 (Fla.1963); Lowery v. State, 766 So.2d 417 (Fla. 4th DCA 2000).
JTM has failed to state a claim for relief under section 674.402, Florida Statutes (1993) because that statute does not apply to cashier's checks. Section 674.402(2) provides that a bank is liable for wrongful dishonor of an item drawn on the customer's account.[1] A cashier's check is always drawn on the bank itself; the bank is its own customer. See, e.g., Warren Finance Inc. v. Barnett Bank, 552 So.2d 194, 196 (Fla.1989) ("[T]he bank, as both drawer and drawee, is its own customer when it issues a cashier's check...."); Stringfellow v. First American Nat. Bank, 878 S.W.2d 940 (Tenn.1994); First R.R. Community Federal Credit Union v. Columbia County Bank, 849 F.Supp. 780 (M.D.Fla.1994); see also Official Code Comment 4 to § 674.403 Fla. Stat. (1993) ("A cashier's check ... purchased by a customer whose account is debited in payment for the check is not a check drawn on the customer's account within the meaning of subsection (a)...."). Thus, JTM has failed to state a claim for relief under section 674.402 because it does not apply to cashier's checks.
Section 673.4111, Florida Statutes (1993), does apply to cashier's checks; however, JTM lacks standing to sue under this statute. Section 673.4111 gives only "the person asserting the right to enforce" the cashier's check standing to sue for dishonor. § 673.4111(2), Fla. Stat. (1993). "The person asserting the right to enforce" is defined as:
(1) The holder of the instrument;
(2) A nonholder in possession of the instrument who has the rights of a holder; or
(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).[2]
§ 673.3011, Fla. Stat. (1993). Under the plain meaning of section 673.4111 and the facts of this case, only Future Tech, the holder of the cashier's check, would have standing to sue Totalbank for wrongful dishonor of the cashier's check. See Moon Over the Mountain, Ltd. v. Marine Midland *163 Bank, 87 Misc.2d 918, 386 N.Y.S.2d 974 (Civ.Ct.1976) (holding that "a cashier's check establishes a debtor-creditor relationship between the issuing bank and the payee"); Meckler v. Highland Falls Sav. & Loan Ass'n., 64 Misc.2d 407, 314 N.Y.S.2d 681 (Sup.Ct.1970) (holding that once a remitter delivers the cashier's check to the payee, the purchaser/remitter is no longer a party to that check).
AFFIRMED.
NOTES
[1] Section 674.402(2) provides:

A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item....
(emphasis added).
[2] JTM is clearly not a "person not in possession of the instrument who is entitled to enforce" it. Neither of the circumstances listed in 673.3091 and 673.4181(4) is present here.