■ STEPHEN J. EISENBERG et al., Appellants, v HSBC PAYMENT SERVICE (USA), INC., et al., Respondents. [762 NYS2d 878] —In an action to recover upon an instrument for the payment of money only, brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Dutchess County (Dillon, J.), dated February 11, 2002, as denied their motion, and (2), as limited by their brief, from so much of an order of the same court, dated April 18, 2002, as, upon reargument, adhered to the prior determination and denied that branch of their motion which was for leave to renew their motion for summary judgment in lieu of complaint.

Ordered that the appeal from the order dated February 11,

2002, is dismissed, as that order was superseded by the order dated April 18, 2002, made upon reargument; and it is further,

Ordered that the order dated April 18, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

CPLR 3213 allows a plaintiff to commence an action "based upon an instrument for the payment of money only" by serving a summons, a notice of motion for summary judgment, and supporting papers, in lieu of a complaint. "[A] document comes within CPLR 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms * * * The instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*Weissman v Sinorm Deli,* 88 NY2d 437, 444 [1996] [internal quotation marks omitted]). In the instant case, the Supreme Court correctly denied the plaintiffs' motion for summary judgment since "outside proof" must be developed in disclosure, relevant to issues such as the categorization of the subject instrument, the plaintiffs' status as holders in due course (*see* UCC 3-302), and whether the defendants should be equitably estopped from denying that the subject instrument is a cashier's check (*see Lo Monaco v Belfiore,* 175 AD2d 59 [1991]; *Cling Corp. v Ridgewood Sav. Bank,* 133 AD2d 662 [1987]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew, since the plaintiffs did not offer a reasonable justification for failing to submit the allegedly new facts when they made their original motion (*see* CPLR 2221 [e] [3]; *Waldman v Zion,* 289 AD2d 399 [2001]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.