Page Ave. Check Cashing, LLC v Bank of Am., N.A. (2019 NY Slip Op 06783)





Page Ave. Check Cashing, LLC v Bank of Am., N.A.


2019 NY Slip Op 06783


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-05929
 (Index No. 152729/17)

[*1]Page Avenue Check Cashing, LLC, respondent,
v
Bank of America, N.A., et al., defendants, Continental Indemnity Company, appellant.


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellant.
Russell Macnow Attorney at Law, LLC, New York, NY (Lauren Papaleo of counsel), for respondent.



DECISION & ORDER
In an action to recover on two checks, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant Continental Indemnity Company appeals from a judgment of the Supreme Court, Richmond County (Kim Dollard, J.), entered May 9, 2018. The judgment, insofar as appealed from, upon an order of the same court dated May 2, 2018, inter alia, granting that branch of the plaintiff's motion which was for summary judgment in lieu of complaint insofar as asserted against the defendant Continental Indemnity Company, is in favor of the plaintiff and against the defendant Continental Indemnity Company in the principal sum of $60,000.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff, a check cashing company, established its entitlement to judgment as a matter of law by submitting copies of the endorsed checks drawn by the defendant Continental Indemnity Company, evidence of that defendant's failure to make payments called for by those checks, and evidence that the plaintiff was a holder in due course (UCC 3-302[1]; see Hartford Accident & Indem. Co. v American Express Co., 74 NY2d 153, 160; US Premium Fin. v Terranova Masonry, Inc., 172 AD3d 1139; cf. Eisenberg v HSBC Payment Serv. [USA], 307 AD2d 950). In opposition, Continental Indemnity Company failed to raise a triable issue of fact (see Green v Darwish, 171 AD2d 644, 645; Tropical Ornamentals, Inc. v Visconti, 115 AD2d 537, 538-539).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment in lieu of complaint insofar as asserted against Continental Indemnity Company.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court